MILBURN L. BUNCH, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

463 S.W.2d 956.

Court of Criminal Appeals of Tennessee. Sept. 25, 1970.

Certiorari Denied by Supreme Court Feb. 16, 1971.

Finnell, Thompson, Shockey & Scott, Cleveland, for plaintiff in error.

David M. Pack, Atty. Gen., Lance D. Evans, Asst. Atty. Gen., Nashville, Tom J. Taylor, Dist. Atty. Gen., Athens, Earle G. Murphy, Asst. Dist. Atty. Gen., Cleveland, Kendred A. White, Asst. Dist. Atty. Gen., Madisonville, for defendant in error.

## OPINION

DWYER, Judge.

A jury in the Bradley County Criminal Court found Milburn L. Bunch guilty of committing the offense of murder in the second degree. His punishment was affixed at confinement in the State Penitentiary for a period of time not less than ten nor more than fifteen years. His motion for a new trial having been heard and overruled he has seasonably filed his appeal to this court.

The facts as reflected by the record reveal that the defendant Bunch was manager of a beer tavern named Flathead's in Bradley County. In this capacity he was involved in a dispute with the deceased in the evening hours of December 31, 1968. It appears from the record that the deceased had ordered some boiled eggs which,

when prepared by Bunch, fell to the floor prior to being served to the deceased. Words were exchanged through a serving window located in the tavern with Bunch throwing a beer opener through the opening at the deceased. Following this Bunch took a pistol from under the cash register and fired the projectile striking the deceased in the head which proved to be fatal. There is very little conflict as to the physical facts with Bunch maintaining that the shooting occurred because deceased had grabbed for him through the window and that he picked up the pistol to order deceased to leave when it discharged. In substance, a fair summation of the defense is that the shooting was accidental or unintentional. Witnesses related that prior to the shooting there were words passed between deceased and defendant about the eggs which had been ordered dropping and breaking with deceased stating he was not going to accept them. The factual situation at the time of this homicide has been resolved by the jury adversely to the defendant.

■ Defendant assigns as error that there is no evidence to support the verdict of the jury in that there is absence of the necessary ingredient of malice to be found in the record. He predicates his assignment on the proposition that the defendant did not intend to kill deceased or that the killing occurred in the course of a heated argument and scuffle which would in either event make the slaying voluntary or involuntary manslaughter. In reviewing this assignment in this court we are bound by the rule that we will not disturb the jury verdict unless the evidence preponderates against it. Cooper v. State, 123 Tenn. 37, 138 S.W. 826; McBee v. State, 213 Tenn. 15, 372 S.W.2d 173. We have not found that

preponderance in this record. In fact, from our review there is ample evidence to support the verdict as returned by the jury.

There is no proof in this record to show that the parties were engaged in mutual combat. Further, the jury's verdict reflects repudiation of adequate provocation to reduce this homicide from second degree murder to manslaughter, or that the killing was accidental.

■ The fact of killing with a deadly weapon raises a presumption of malice and justifies a finding of murder in the absence of facts or circumstances rebutting the presumption. In such a situation the burden is on the State to raise the offense to murder in the first degree. The burden is on the defendant to reduce the offense to manslaughter, which burden the defendant has not carried. See Neely v. State, 210 Tenn. 52, 356 S.W.2d 401; Smith v. State, 212 Tenn. 510, 370 S.W.2d 543; Fox v. State (Tenn. Court of Crim. App.) 441 S.W.2d 491. The jury has rejected defendant's contention as to self-defense and an unintentional and accidental killing. The assignment is overruled.

■ The defendant next complains of the attorney general's conduct in questioning character witnesses of the defendant about defendant having a reputation for pulling knives on people. The defendant on direct examination testified he had had trouble in the tavern on two prior occasions. The attorney general asked a character witness of the defendant if he knew about these prior incidents being part of the defendant's reputation. This question was objected to and sustained by the court. We fail to perceive where this was prejudicial to the

defendant and denied him a fair trial. The assignment is accordingly overruled.

■ The defendant's last contention is that the court erred in charging the jury the law of second degree murder and what would constitute malice. The complaint being made is as to the following portion of the charge:

> "Murder in the second degree is where a person kills upon a *sudden impulse of passion, * * *.*" (Emphasis added.)

the contention being made is the language described voluntary manslaughter and therefore misled the jury. We view this assignment in the light that no exception or objection was taken to the court's charge and no special request submitted. See Turner v. State, 188 Tenn. 312, 322, 219 S.W.2d 188. This contention of the defendant is found wanting. In Gray v. State, 63 Tenn. 331, 332, 334, our Supreme Court had this to say, commenting on identical verbiage:

> "* * * the killing must not only be upon a sudden impulse of passion, but this must be produced by adequate provocation. This is fully explained in a subsequent portion of the charge. The charge is, therefore, not erroneous in this respect, although the expression 'sudden impulse of passion,' used in defining murder in the second degree, unless properly guarded, might sometimes be misunderstood."

The court's charge fully covered the law subsequent thereto in regards to the offense of voluntary manslaughter as conceded by the defendant in his brief.

■ The defendant further contends the court's charge was erroneous in that a portion of the charge defined the offense of involuntary manslaughter and not murder, to wit:

*"This occurs where a party does an unlawful act, which may probably result in depriving some person of life, or performs an act, lawful in itself, in such a reckless and careless manner that it may probably result in the death of a person."* (Emphasis added.)

We view this in the light that the charge as given must be viewed and its fairness and completeness determined from a full reading of the charge given and not excerpts therefrom. Preceding this portion of the charge the court instructed the jury that implied malice may be the essential element of murder in the second degree. The court charged fully the law as to when the act may be and under what circumstances malice is implied. See Tarvers v. State, 90 Tenn. 485, 16 S.W. 1041; Shorter v. State, 147 Tenn. 335, 247 S.W. 985; Mullins v. State, 156 Tenn. 105, 299 S.W. 1052; Owen v. State, 188 Tenn. 459, 221 S.W.2d 515; Rogers v. State, 196 Tenn. 263, 265 S.W.2d 559. Our review of the quoted authorities satisfies us that the court's charge to the jury was fair, full and not incompatible with settled law. The assignment is accordingly overruled.

■ We note the judgment of the trial court on the verdict rendered the defendant infamous. The conviction had of murder in the second degree is not one of the felonies enumerated in T.C.A. § 40-2712. The judgment is accordingly modified to delete the portion therefrom that rendered the defendant infamous. All

assignments weighed and found wanting the judgment of the trial court is affirmed.

WALKER, P. J., concurs.