**James WALLACE, Plaintiff in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Aug. 28, 1973.

Certiorari Denied by Supreme Court
Oct. 15, 1973.

Thomas E. Fox, Nashville, for plaintiff in error.

David M. Pack, Atty. Gen., C. Hayes Cooney, Asst. Atty. Gen., Nashville, J. William Pope, Jr., Dist. Atty. Gen., Pikeville, Mike P. Lynch, Asst. Dist. Atty. Gen., Winchester, for defendant in error.

## OPINION

WALKER, Presiding Judge.

In two counts the Franklin County grand jury indicted the defendant and two codefendants, Kenneth Roberts and his wife, Joyce Roberts, for forgery and passing forged papers over the value of $100. At the trial his codefendants testified for the state. The petit jury found the defendant guilty under the second count of passing forged papers and fixed his punishment at three years' imprisonment in the penitentiary. He appeals to this court.

The state's proof showed that the defendant and his codefendants on December 12, 1970, bought a number of articles totaling $102.95 from Jackson's Men Shop in Cowan. The owner of the business testified they all gathered at the cashier's counter and Mr. Roberts endorsed and gave Mr. Jackson a check for $135.42 which bore the name of Cargile, Incorporated, and was payable to Kenneth Roberts. All three persons left together carrying packages of the purchased clothing. The check was returned by the bank with an attached paper saying, "Forgery."

The codefendants testified that they had purchased 1200 payroll checks stolen from Cargile, Incorporated, together with a check-writing machine; that they took the checks and machine to the defendant's home where all three persons operated the machine in making out this and other checks; that on this occasion the defendant purchased two shirts at Jackson's Men Shop along with them and also received part of the proceeds of the check after the payment of all their purchases; that all

knew the signature of the maker was forged.

The defendant did not testify. His wife testified that the codefendants spent several nights at their home and she heard a conversation about her husband driving a taxicab for them.

Mr. Robert B. Waddey, operator of a bonding company and also a cab company, testified that the defendant worked for him as a cab driver and the codefendants were known to him as traveling magazine salesmen; that they had no driver's licenses and he rented the codefendants a car for which they were to pay the defendant $4 per hour as a driver and also seven cents per mile to the owner. By this testimony the defendant was merely the driver for the codefendants.

By his first assignment the defendant says the court erred by admitting over his objection the introduction into evidence of the check with a notation from the bank of "Forgery." The district attorney general insisted at the trial that there was a statute making this prima facie evidence.

■ Neither the state nor defense counsel can locate the statute relied on by the district attorney general and the trial judge to admit this hearsay statement. These officials apparently considered T.C.A. § 39–1963 applying to checks drawn without sufficient funds and which permits as prima facie evidence of dishonor the drawee's reason for nonpayment stamped or attached to the check. This statute is not applicable to this indictment charging forgery and passing forged papers.

■ Although this hearsay evidence was improperly admitted, we think it was harmless and did not prejudice the defendant. T.C.A. § 27–117. The state's witnesses testified the check was forged and there was no evidence to the contrary. This evidence abundantly shows the check a forgery. The hearsay evidence did not affect the

result of the trial and the assignment is overruled. See Cole v. State, Tenn.Cr. App., 475 S.W.2d 196.

The defendant urges that the court erred in instructing the jury:

"On the other hand it is the insistence of the defendant that he is not guilty of this offense. If you find this insistence to be established by the proof or if you have a reasonable doubt as to whether it has been established or not, it will be your duty to acquit the defendant."

In the following sentence the court charged:

"In other words the defendant cannot be convicted unless he is proven guilty beyond a reasonable doubt."

The defendant submitted no special requests.

■ The trial judge carefully instructed the jury on the presumption of innocence and on the necessity that the defendant's guilt be proved beyond a reasonable doubt before a guilty verdict could be returned. The instructions do not place the burden on the defendant of proving his defense. See Frazier v. State, 117 Tenn. 430, 100 S.W. 94, holding that the trial judge, there considering self-defense, should have added to his charge: ". . . (I)f they (the jury) found his contention to be true, or if the proof offered to support it engendered in their minds a reasonable doubt of its truth, they should acquit." The instructions here conform to the rules in *Frazier*.

■ The charge must be viewed and its fairness and completeness determined from a full reading of that charge and not excerpts from it. Bunch v. State, 3 Tenn. Cr.App. 481, 463 S.W.2d 956; Edwards v. State, 202 Tenn. 393, 304 S.W.2d 500. The charge as a whole must be considered rather than isolated clauses in it. The defendant has a right to have every issue of fact raised by the evidence and material to the

**632**

defense submitted to the jury under proper instructions by the judge. We find these instructions as a whole full and fair. The jury could not have been misled by the instructions and this assignment is overruled.

The testimony of the accomplices is amply corroborated. The evidence does not preponderate against the verdict. We have considered all the assignments and find them to be without merit. The judgment is affirmed.

We express our appreciation to Honorable Thomas E. Fox, of the Nashville Bar, for his diligent and capable representation of the defendant on the appeal by appointment of this court.

GALBREATH and MITCHELL, JJ., concur.