**Charles Webster SMITH, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

June 3, 1976.

Certiorari Denied by Supreme Court Aug. 16, 1976.

Walker Gwinn, Asst. Public Defender, Memphis, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Arthur T. Bennett, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

WALKER, Presiding Judge.

From his conviction of murder in the second degree with imprisonment of ten years, the defendant below, Charles Webster Smith, appeals in error.

The case was tried April 15 and 16, 1974, by Judge Perry H. Sellers who retired September 1, 1974, and then signed the bill of exceptions when it was presented to him as a late one August 22, 1975. The retired judge was without authority to sign the bill of exceptions more than 60 days after vacating office and we remanded it for the successor judge to approve it under T.C.A. § 27-110 if he found that it fairly stated the truth of the case. We now have the bill of exceptions authenticated by the successor judge.

■ The state's evidence shows that about 2:00 a. m., August 19, 1972, the deceased, Mack Edward Thomas, made a proposal for sexual intercourse to Patricia Ann Banks who was living with the defendant. When she reported this to the defendant, he had her call the deceased downstairs from her mother's apartment. He told the deceased to leave Patricia alone. The deceased, intoxicated, cursed and walked to-

ward the defendant who shot him three times, once in the back.

Testifying in his own defense, the defendant said that the deceased was cursing as he came down the stairs and put his hands on the defendant's neck. The defendant backed off and saw the deceased reach for something in his pocket upon which the defendant fired several times, first to frighten him, but the deceased kept approaching the defendant, who then fired at the deceased in self-defense.

The assignment challenging the sufficiency of the evidence is overruled. The jury did not accept the defendant's theory of self-defense. The facts here support the conviction of second degree murder. See *Bunch v. State*, 3 Tenn.Cr.App. 481, 463 S.W.2d 956.

■ The defendant contends the trial judge erred by refusing to allow counsel to interrogate a juror who believed he might have known the defendant.

During the trial a juror indicated he had possibly been acquainted with the defendant. The trial judge conducted an inquiry and determined that the juror was unbiased and could continue to serve. The trial judge did not abuse his discretion and no further inquiry was required.

■ The defendant complains that he was not furnished a complete transcript.

Defendant's trial counsel approved the bill of exceptions. One of the claimed omissions is a bench conference out of the hearing of the jurors. In two or three places the recording was inaudible. We have examined the entire record and would feel it hypercritical, indeed, to say that this defendant has not been afforded a reasonable and sufficient record. See *Hunter v. State*, 222 Tenn. 672, 440 S.W.2d 1; *Carr v. State*, 2 Tenn.Cr.App. 568, 455 S.W.2d 619.

All assignments are overruled and the judgment is affirmed.

DWYER, J., and PHIL B. HARRIS, Special Judge, concur.