**STATE of Tennessee, Appellee,**

v.

**Keith CARTER, Appellant.**

**No. 83–50–III.**

Court of Criminal Appeals of Tennessee, at Nashville.

Aug. 1, 1984.

Permission to Appeal Denied by Supreme Court Nov. 13, 1984.

William M. Leech, Jr., Atty. Gen. & Reporter, David M. Himmelreich, Asst. Atty. Gen., Mary Hausman, Mark Beveridge, Asst. Dist. Attys. Gen., Nashville, for appellee.

Richard McGee, Senior Asst. Public Defender, Nashville, Jeff Devasher, Research Asst., for appellant.

## OPINION

O'BRIEN, Judge.

The defendant was found guilty of aggravated rape and robbery in the Davidson County Criminal Court. His sentences for the offenses were fixed at life imprisonment and not less than five (5) nor more than (10) years respectively. The sentences run concurrently.

Defendant's contention that a statement made by him was obtained in violation of his Fifth Amendment right against self-incrimination cannot be sustained. The taking of defendant's statement by the police, and his subsequent arrest, began when defendant initiated the events which resulted in the charges against him. He was in jail on charges of burglary and possession of burglary tools. He called the police offering to exchange information about a rape under investigation in exchange for assistance in making bond on his arrest charges. Defendant was taken from jail to police headquarters where he was advised of his rights, acknowledged that he understood them, and signed a waiver to that effect. He attempted to implicate a fellow prisoner who was being held on other rape charges as the perpetrator of the rape of the victim in this case. He related facts to the officers indicating great intimacy with the circumstances of the offense. These details were not consistent with the other prisoner's method of operation. Defendant was in-

structed to go back to see if he could obtain more information from his cellmate. In the meantime the officers continued their investigation. Two or three days later he called the officers again and was taken to headquarters for a further interview. He was again advised of his rights and signed a waiver. This time he described in greater detail the events which had occurred in the course of the rape and robbery of this victim. He attributed this information to the other prisoner. The police officer conducting the investigation told him she did not believe he was telling the truth. He was given the opportunity to make a phone call. In short order thereafter he confessed. He has failed to present any credible evidence to support his contention here. The evidence fully and fairly shows he was aware of his right to have an attorney present, and waived that right. It is also clear the statements given by him were voluntary and not in violation of any constitutional right.

Defendant says a pre-trial motion to suppress in-court identification should have been granted. He insists the pre-trial line-up was so unnecessarily suggestive and conducive to mistaken identification that he was denied due process. The trial court specifically found there was no suggestiveness involved in the pre-trial identification procedure. We agree. Nonetheless we have read the record of the suppression hearing, and have examined photographs of the line-up. There was nothing about the line-up itself which we found to be improper. The photographs reveal the participants to be similar in height, weight, and general physical appearance. Other than the complaint about the appearance of the participants in the line-up defendant has offered no evidence of error in the manner in which it was conducted. He was allowed to have an attorney present. In assessing the victim's reliability we find (1) she observed the defendant in a hallway a few minutes prior to the rape and spoke with him. The attack took place over a ten to fifteen minute period in an area with which the victim was familiar. The lighting at all times during the attack was good.

(2) Her description of her assailant to police immediately following the assault is accurate. She directed the assembly of a composite picture by the police several days after the assault which was an excellent likeness. (3) Her full attention was focused on her assailant both prior to and during the course of the attack upon her. (4) At the line-up, which occurred some three and one-half months after the assault, the victim selected two men, defendant and another, as possibly being her assailant. She explained that their size and facial characteristics were similar but none of the participants in the line-up wore a hat at the same time. A hat like the one worn by the rapist was passed around. She had been told that unless she was one hundred percent sure she should not identify any one person, and so she did not. She did identify defendant at the suppression hearing and at trial. Under the totality of the circumstances we find the victim's identification to be reliable under the criteria set forth in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). See *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Bennett v. State*, 530 S.W.2d 511, 513 (Tenn.1975).

Defendant claims error on denial of a motion to compel discovery under Rule 16 of the Tenn.R.Crim.P., or a subpoena under Criminal Procedure Rule 17, of the records of a psychologist who had been consulted by the victim some two months after the attack occurred. Defendant was not entitled to discovery of the psychologist's records under the auspices of Rule 16. These records were not in the possession, custody or control of the State and were not within the court's jurisdiction under the provisions of the rule. The court was under no obligation to subpoena the patient records of Dr. Gaines, or to inspect such records under the provisions of Rule 17. Reliance is placed on the case of the *State v. Brown*, 552 S.W.2d 383 (Tenn. 1977), as support for the motion which was filed by defendant. In *Brown* our Supreme Court held that medical and hospital records of the prosecuting witness while

she was a patient at a State Mental Hospital were discoverable under the statutes relating to the copying of books, papers and documents held by the attorney for the State. The trial court here, in denying the motion, distinguished the instant case from *Brown* on the basis that this prosecuting witness had begun visiting a clinical psychologist some two months after the time of the assault upon her. We agree that his action was proper and *Brown* was not applicable under these facts. Every defendant has a constitutional right to compulsory process for witnesses in a criminal case. T.C.A. Sec. 40–17–105; and Tenn.R.Crim.P. 17. The psychologist in question, Dr. Larry Gaines, had indicated his willingness to respond to a subpoena, with his records. Production of the records of his treatment of the victim in this case was not barred by the statutes relating to privileged communications. See T.C.A. Sec. 63–11–213, T.C.A. Sec. 23–3–105. There is no reason why the records could not have been available to the defendant had they been required. Counsel specifically stated to the court that he did not intend to call the doctor as a witness. The issue is without merit.

■ Defendant says he was entitled to a mistrial due to the reference by a police officer witness, to "other rapes" during rebuttal examination by the State. There is no merit in this contention. Defendant initiated contact with the police, while he was in jail on other charges, in an attempt to incriminate a cellmate in the rape involved in this case. The officer, in his rebuttal testimony, was endeavoring to explain that on their second interview the defendant began describing other rapes which his cellmate had purportedly committed. This was the trial court's finding when he overruled the motion for a mistrial. We hold he was correct in his ruling.

■ Defendant next asserts the trial court erred in denying a request for a jury instruction on the definition of "impairment of a mental faculty" as derived from our opinion in *State v. Henderson*, 623 S.W.2d 638 (Tenn.Cr.App.1981). It is insisted the State's evidence raised the issue of the impairment of the victim's mental faculties and the failure to give the jury an affirmative instruction on that issue, rendered the instructions as delivered inaccurate and incomplete. A defendant has a right to have every issue of fact raised by the evidence and material to the defense submitted to the jury under proper instructions. *Wallace v. State*, 500 S.W.2d 629, 632 (Tenn.Cr. App.1973). The evidence was plain that the victim suffered physical injury in the form of bruises and abrasions. There was also evidence that she found it necessary to seek professional aid for her mental suffering some two months after the assault occurred. However great her mental suffering, the evidence does not raise an issue of mental impairment which must be something more than "emotional trauma". See *State v. Henderson*, supra. The instruction given was a full, fair and complete statement of the law regarding aggravated rape. The evidence was sufficient for the jury to find the victim suffered personal injury as charged in the indictment. We do not find error in the instruction as delivered, or in denial of the special instruction requested.

Finding the record to be free of reversible error we affirm the judgment of the trial court.

DUNCAN and SCOTT, JJ., concur.