DAMUS COPELAND *v.* THE STATE.*

(*Jackson.*   April Term, 1926.)

Opinion filed, July 6, 1926.

1. **CRIMINAL LAW.   Involuntary manslaughter.   Motor driven vehicle.**

If homicide results from a criminal want of caution and circum-. spection and not misadventure, it is involuntary manslaughter. It is proper to instruct the jury that to convict for homicide, caused from a wrongful act, committed in an unlawful manner, it must appear that the death was not the result of misadventure, but the natural and probable result of a reckless, or culpably, negligent act.   (Post, p. 10.)

Citing: Code, 1858, sec. 4603; Shannon's Code, 6444.

Citing: Acts 1905, ch. 173, sec. 3.

Citing: 13 R. C. L., 1858; 29 Corpus Juris, 1154.

2. **SAME.   Same.**

Allowance must always be made for misadventure and accident as distinguished from culpable negligence, and it must be shown that a homicide was not improbable under the facts as they existed, which should reasonably have influenced the conduct of the accused.   (Post, p. 11.)

Citing: 13 R. C. L., 858; 29 Corpus Juris, 1150, 1154.

3. **SAME.   Same.   Conviction.**

To sustain a conviction for involuntary manslaughter, the death must have been the natural and probable consequence of the un-

---

*Homicide by negligent operation of automobile, see notes in 30 L. R. A. (N. S.) 458; 33 L. R. A. (N. S.) 403; L. R. A. 1918B, 954.

Manslaughter in connection with use of automobile for unlawful purpose of in violation of law, see notes in 16 A. L. R. 914; 21 A. L. R. 1504; 27 A. L. R. 1182, 2 R. C. L. p. 1212; 1 R. C. L., Supp., p. 748; 4 R. C. L. Supp., p. 164; 5 R. C. L. Supp., p. 152.

lawful act and not the result of an independent intervening cause in which the accused did not participate and which he could not foresee. (Post, p. 12.)

Citing: 29 Corpus Juris, 1150.

---

*Headnotes 1. Homicide, 30 C. J., Section 561; 2. Homicide, 29 C. J., Section 134; 3. Homicide, 29 C. J., Section 136; 30 C. J., Section 654; 4. Homicide, 29 C. J., Section 141; 5. Homcide, 29 C. J., Section 141; 6. Homicide 29 C. J., Section 141; 7. Homicide, 29 C. J., Section 142; 8. Homicide, 29 C. J., Section 136; 9. Homicide, 30 C. J., Section 561.

---

## FROM HARDIN.

---

Error to the Circuit Court of Hardin County.—HON. N. R. BARHAM, Judge.

E. W. Ross and J. H. BALLEW, for plaintiff in error.

FERRISS C. BAILEY, Assistant Attorney-General, for the State.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff in error was convicted of involuntary manslaughter for causing the death of Robert Holland on the public highway at Saltillo, December 4, 1924, when he was struck and killed by an automobile driven by Copeland.

Through assignments of error it is insisted: (1) That the evidence preponderates against the verdict; and (2) that the trial judge committed prejudicial error in the charge to the jury.

From the record it appears that the little boy and some companions, while on their way from school, were walk-

ing close behind, or riding on the coupling pole of, a log wagon moving east toward the river. The log wagon was drawn by four mules driven by Will Fondren. It was loaded with logs, which obstructed view from the front; but, from his position on the saddle mule, Fondren saw Robert Holland as he ran from behind the wagon toward the south side of the road, immediately in front of Copeland's Ford car. Another wagon had just passed the log wagon moving west. It was occupied by three Bingham brothers. McKinley Bingham was driving, with his face to the team. His brothers were looking east, and saw the little boy run from behind Fondren's wagon into the road ahead of the automobile which was moving west and meeting Fondren's wagon. One of the Binghams holloed at the boy, but he did not hear or heed the warning, and the automobile struck and killed him.

Fondren says that Copeland could not have seen the boy until after he ran from behind the log wagon into the road, and that when the boy came into view Copeland's car was about even with the front wheels of his wagon. The Bingham wagon had just passed Fondren's wagon. After the wagons passed each other, Fondren says Copeland recklessly attempted to run between the rear of his wagon and the rear of Bingham's wagon.

Three witnesses for the State testified that according to their opinion Copeland was driving thirty or more miles an hour. Two others testified that from the sound of the engine he was running more than twenty miles an hour. Copeland insisted that he was running from fifteen to seventeen miles an hour. Fondren says he was running twenty miles an hour when he came up the hill,

but slowed down as the car approached the wagons. Earl Bingham testified that Copeland was running twenty miles an hour, and Homer Bingham that he was running sixteen or seventeen miles an hour. According to the State's proof, the car ran sixty or seventy feet after striking the boy. According to the defense it stopped from fifteen to thirty feet after striking him.

Taking into consideration the opportunity of the witnesses nearest the scene of the accident to observe the speed of the automobile, the preponderance of the evidence indicates that Copeland was not running more than twenty miles an hour, the statutory speed limit at the time. It cannot be said from the evidence that death was caused by violation of section 3, chapter 173, Acts 1905. But involuntary manslaughter is not only an unintentional homicide occasioned by a person engaged at the time in an unlawful act. Shannon's Code, section 6444. It may consist in doing a lawful act in an unlawful manner, as where one by his gross or culpable negligence causes the death of another. 13 Ruling Case Law, 858; 29 Corpus Juris, 1154. Or, as said in *Lee* v. *State,* 1 Cold., 65, if the homicide results from a criminal want of caution and circumspection, and not misadventure, it is involuntary and manslaughter.

In a charge otherwise accurate the trial judge failed to instruct the jury that, to convict for homicide caused from a lawful act committed in an unlawful manner, as in *Lee* v. *State,* supra, it must appear that the death was not the result of misadventure, but the natural and probable result of a reckless or culpably negligent act.

The contributory negligence of the boy would not relieve Copeland of the consequence of his unlawful act.

*Lauterbach* v. *State,* 132 Tenn., 606, 179 S. W., 130. But the conduct of the boy was entitled to consideration in determining whether, under the circumstances, Copeland's negligence was the proximate cause of death, or whether death resulted from an unavoidable accident. If it reasonably appeared to Copeland that the wagons were in a position to enable him safely to pass the log wagon (facing him) on the right and the Bingham wagon (going from him) on his left, by driving between their rear after they passed each other, and the boy concealed behind the log wagon unexpectedly ran into the road immediately ahead of the car and was killed, the killing would not be involuntary manslaughter. 13 R. C. L., 858. Allowance must always be made for misadventure and accident, as distinguished from culpable negligence.

"While the kind of negligence required to impose criminal liability has been described in different terms, it is uniformly held that it must be of a higher degree than is required to establish negligence upon a mere civil issue, and it must be shown that a homicide was not improbable under the facts as they existed which should reasonably have influenced the conduct of accused." 29 Corpus Juris, 1154.

If Copeland was not exceeding the speed limit of twenty miles an hour, he could not be convicted unless his conduct was so reckless and negligent as to evince a disregard for the life of persons on the highway, and the trial judge should have told the jury that there could be no conviction upon the charge of reckless and negligent conduct, in the absence of a violation of the statute, unless Copeland was guilty of reckless or negligent conduct that directly caused the death.

To sustain a conviction for involuntary manslaughter, the death must have been the natural and probable consequence of the unlawful act, and not the result of an independent intervening cause, in which the accused did not participate, and which he could not foresee. 29 Corpus Juris, 1150.

If he did not know the boys were on the coupling pole, or behind the log wagon, it could not be said that he acted with reckless disregard for the safety of others in attempting to pass between the wagons after they passed each other.

Reversed and remanded, for the failure of the trial court to charge that, if death did not result from Copeland's violation of the statute, there could be no conviction, unless the boy's death was the reasonable and probable result of Copeland's negligent or reckless act, and if he acted as a man of reasonable care in attempting to pass the wagons, and death was the result of an accident caused by the boy unexpectedly running from behind the wagon in front of the automobile, the homicide would not be unlawful.