JAMES KELLER *v.* THE STATE.*

(*Knoxville.* September Term, 1927.)

Opinion filed October 22, 1927.

1. CRIMINAL LAW. Driving automobile while intoxicated.
Verdict for involuntary manslaughter is sustained where the evidence shows defendant was driving a car while intoxicated and struck and killed a pedestrian. (Post, p. 636.)

2. SAME. Same. Criminal intent.
To make the case one of involuntary manslaughter for the unlawful killing of another without malice the killing must be the natural or probable result of the unlawful act. (Post, p. 636.)
Citing: Thompson's-Shannon's Code, section 6444; Holder v. State, 152 Tenn. (Thompson), 390; Copeland v. State, 154 Tenn. (1 Smith), 7.

3. SAME. Same. Same.
The criminal intent essential to render one punishable for a homicide is supplied when the unlawful act is **malum in se**; not so where the unlawful act is merely **malum prohibitum.** (Post, p. 636.)

4. SAME. Same. Operating automobile while intoxicated.
The statute prohibiting the driving of an automobile or other motor driven vehicle by any person who is under the influence of intoxicant relates to the use of intoxicants as a beverage by persons in such manner as to deprive them of their sense of discretion, and render them in combination with an automobile on the highway extremely dangerous agencies to life and limb. (Post, p. 636.
Citing: Acts 1926, chapter 117; Bostwick v. State, 154 Tenn. (1 Smith), 1.

5. SAME. Same. Same.
The driving of an automobile on the public highways by one "un-

---

*Homicide by negligent operation of automobile, see annotation in 30 L. R. A. (N. S.) 458; 33 L. R. A. (N. S.) 403; L. R. A. 1918B, 957; 1 R. C. L. 1212.

der the influence of an intoxicant," is an unlawful act **malum in se**, and the policy of the law forbids an investigation as to probable consequences. The efficient cause is deemed the operation of the car by one under the influence of an intoxicant. (Post, p. 637.)

6. **SAME. Same. Same. Contributory negligence.**
Contributory negligence does not apply in criminal cases. (Post, p. 637.)
Citing: Lauterbach v. State, 132 Tenn. (Thompson), 603.

---

*Headnotes 1. Motor Vehicles, 42 C. J., section 1394; 2. Homicide, 29 C. J., section 136; Motor Vehicles, 42 C. J., section 1381 (Anno); 3. Homicide, 29 C. J., section 136; 4. Homicide, 29 C. J., section 141.

---

## FROM BLOUNT.

---

Appeal from the Circuit Court of Blount County.— HON. JOHN J. BLAIR, Judge.

BROWN & JOHNSON, for plaintiff in error.

ROY H. BEELER, Assistant Attorney-General, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was charged with driving an automobile while under the influence of an intoxicant and running said car over James A. Goddard, thereby causing the death of the latter, upon the streets of Maryville. There was a verdict of involuntary manslaughter with a sentence of eighteen months in the penitentiary and the plaintiff in error has appealed in error to this court.

The only assignments made in behalf of plaintiff in error challenge the sufficiency of the evidence.

It is strongly urged that the preponderance of the evi-

dence is against the finding of the jury that plaintiff in error was under the influence of an intoxicant at the time of the tragedy. We have carefully reviewed the evidence and discussed it orally and are of opinion that the weight of the proof sustains the verdict of the jury. Many persons saw the plaintiff in error about the time Goddard was killed, before and after, and the greater number of witnesses testified that plaintiff in error was intoxicated. While some of the testimony offered on behalf of the State is sharply criticised, we think the jury were warranted in accepting it as true. It appears without dispute that plaintiff in error was arrested and taken to jail after Goddard died, a few minutes after the collision. An hour or two later several witnesses called at the jail to see plaintiff in error and found him asleep and had difficulty in waking him. He knew that Goddard had died. Plaintiff in error appears to be quite a decent young man and we doubt that he could have fallen into a sound sleep so shortly after this fatality which he occasioned, had he not been under the influence of an intoxicant.

A question of more difficulty is raised by the contention that if the intoxicated condition of plaintiff in error be conceded, nevertheless, it was not the cause or occasion of Goddard's death. Some proof was introduced on behalf of the plaintiff in error, including his own testimony, tending to show that he was driving his car carefully at the time Goddard was struck; that Goddard was undertaking to cross a street in the middle of a block; that his appearance on the street was unexpected; and that the collision could not have been avoided in the exercise of due care.

Chapter 117 of the Acts of 1925, prohibits under prescribed penalties "any person who is under the influence·

of an intoxicant'' from ''driving an automobile or other motor driven vehicle on the public highways of the State of Tennessee.'' This court has said that the Act relates to the use of intoxicants as a beverage by persons ''in such manner as to deprive them of their sense of discretion, and render them, in combination with an automobile on the highway, extremely dangerous agencies to the life and limb of others.'' *Bostwick* v. *The State,* 154 Tenn., 1.

In *Holder* v. *The State,* 152 Tenn., 390, this court held, construing Section 6444, Thompson's-Shannon's Code, defining involuntary manslaughter as ''the unlawful killing of another without malice . . . in the commission of some unlawful act,'' that the killing must be the natural or probable result of the unlawful act. The same conclusion was announced in *Copeland* v. *The State,* 154 Tenn., 7. The unlawful act considered in the first case was carrying a pistol, and the unlawful act considered in the second case was running an automobile in excess of the speed limit of twenty miles an hour provided in Chapter 173 of the Acts of 1905 then in force.

The unlawful acts with which the defendants in *Holder* v. *The State, supra,* and *Copeland* v. *The State, supra,* were charged were *malum prohibitum.* It was shown in *Holder* v. *The State, supra,* that a distinction was taken in the authorities in this connection between unlawful acts *malum prohibitum,* and unlawful acts *malum in se.* Acts of the former class do not supply the criminal intent necessary to render one punishable for a homicide, unless the killing be the natural or probable result of the act. Acts of the latter class, *malum in se,* do supply the criminal intent.

We are of opinion that the driving of an automobile upon the public highways of the State by one ''who is

under the influence of an intoxicant," as the quoted words are interpreted in *Bostwick* v. *The State, supra,* is an unlawful act *malum in se.* An automobile in the hands of a sober and skillful driver upon the highway, operated according to law, is an instrumentality fraught with danger to others, and careful handling of such an instrumentality is essential to the public safety. It is highly criminal and perilous to life and property for those under the influence of an intoxicant to such an extent "as to deprive them of their sense of discretion," to undertake to run such a machine on the thoroughfares.

Such being our view of the matter, we think the policy of the law forbids an investigation as to probable consequences, when the driver of an automobile "under the influence of an intoxicant," as heretofore defined, runs his car over another person and kills him on the public highways of the State. There are many things that a sober man, in the exercise of due care, would do to avoid such a collision, which would be entirely beyond an intoxicated driver. Fatalities are too numerous and conditions too serious to permit speculative inquiries in a case like the one before us.

There is nothing radical or novel in this conclusion. The efficient cause of this accident was the operation of this car by plaintiff in error while under the influence of an intoxicant. Matters urged by way of defense merely amount to a charge of contributory negligence on the part of deceased and the rule of contributory negligence does not apply in criminal cases. *Lauterbach* v. *The State,* 132 Tenn., 603.

For the reasons stated, the judgment is affirmed.

McKINNEY, CHAMBLISS and SWIGGART, JJ., concur; COOK, J., dissents.

DISSENTING OPINION.

COOK, J. I can not concur in a conclusion which forbids consideration of an independent intervening cause, and which would authorize conviction for accidental death unrelated to a violation of Chapter 21, Acts of 1917, and Chapter 117, Acts 1925, making it unlawful to drive an automobile while drunk, or while under the influence of an intoxicant. There must be causal connection between the act and the death, (13 R. C. L. page 747), and one accused of an unintentional killing should not be denied the right to introduce proof of a supervening cause.