# Rogers *v.* State.

*(Nashville,* December Term, 1953.)

Opinion filed March 3, 1954.

Ross & Ross, of Savannah, for plaintiff in error.

Knox Bigham, Assistant Attorney General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is an appeal from a conviction of murder in the second degree with a maximum sentence of 15 years in the State penitentiary.

The killing which gave rise to the prosecution and conviction of the defendant was the result of a collision between an automobile driven by the prosecutor, A. B. Howell, and one by the defendant, and which occurred a short distance southwest of the Waynesboro Public Square. Howell's wife and five year old daughter were killed in the wreck as was one Monk Skelton, who was riding in the car with the defendant. The accident occurred about 7:00 o'clock p. m. on May 7, 1952. The sole defense made by the defendant was that he was so

completely under the influence of intoxicating liquors at the time that he had no recollection of the accident. He himself was injured at the time, having suffered a broken leg below the knee and other injuries which required hospitalization for several weeks.

The defendant testified that he started drinking with his companion, Skelton, about 10:00 o'clock on the morning of the accident. They visited a number of "beer-joints" in Wayne County, drinking both beer and whiskey. At the time of the accident the defendant was at the wheel and was driving his automobile on the wrong side of the highway at a speed of between 60 and 70 miles an hour. No question is made but that his intoxication was entirely voluntary. A strong circumstance indicating that he was conscious of his own guilt of an act which was perilous to human life, i. e. driving an automobile while drunk, is found in his voluntary statement to a bystander at the scene of the wreck that "the driver jumped out and ran away."

The sole question raised in the assignments of error is that the defendant was so thoroughly and completely under the influence of whiskey at the time of the accident that he was not conscious of committing any unlawful act. Contention is made in support of the assignments that there is no evidence of intent to commit the act and, since there is no malice shown, either express or implied, the conviction of murder in the second degree was error as a matter of law.

The defendant cannot escape the penalty of the law upon the theory that the attending circumstances of the alleged criminal act failed to bring it within the statutory definition of murder or voluntary manslaughter.

In *Tarvers* v. *State,* 90 Tenn. 485, 496, 16 S. W. 1041, 1044, the question of the lack of intention of the

accused to commit a homicide was considered and there held:

"* * * if the act done was an unlawful act, and the doing of it was directly perilous to human life, and so known to the wrong-doer, that then there is implied such a high degree of conscious and willful recklessness as to amount to that malignity of heart constituting malice. The result *may not have been intended,* yet the deliberate and conscious doing of an act, the probable consequence of which was death, amounts to murder at common law. This is the doctrine of *Lee* v. *State,* [41 Tenn. 62, 66], and it is fully supported by the common law authorities." (Emphasis ours.)

The case at bar is controlled by the above authority and also by *Owen* v. *State,* 188 Tenn. 459, 221 S. W. (2d) 515, and authorities there cited.

 It is abundantly shown by the evidence that the defendant was driving his automobile upon the public highway while greatly under the influence of intoxicating liquors in violation of Code Section 10827 and in such manner as to endanger, or likely to endanger, the lives of others which was in violation of Code Section 2681. While it may be said in truth and in fact that there was no primary purpose or intention on the part of the defendant to kill anyone, and especially Mrs. Howell and her little five-year old daughter, we nevertheless hold that a driver of an automobile while intoxicated and driving recklessly upon the public highway, will not be heard to say he had no intention of doing an injury to the person or property of another. The intent to commit a criminal act, as in rape, *Walden* v. *State,* 178 Tenn. 71-77, 156 S. W. (2d) 385, is evidenced by the act itself,

so in the case at bar intent is evidenced (1) by the wilful drinking of intoxicating liquors, (2) knowingly driving an automobile while drunk at a dangerous and reckless rate of speed, to wit 60 and 70 miles an hour, and (3) with knowledge that his condition in thus driving was perilous to every person on the highway including the defendant himself. It would be a mockery of the law for one thus guilty of violating the criminal laws of the State, enacted for the protection of human life, to say he could not foresee the consequence of his act.

 The assignments of error which complain of error by the trial judge in refusing certain special requests are without merit. The first four of these requests are predicated upon the theory that if the defendant's intoxication was such as to deprive him of a consciousness of the act he would not be guilty of any offense whatever. They were in our opinion properly refused. We think the other special requests were sufficiently covered in the general charge.

 It is earnestly insisted by counsel that we should follow the ruling in *Forsha* v. *State,* 183 Tenn. 604, 194 S. W. (2d) 463, and modify the judgment of the trial court so as to affirm a conviction only of involuntary manslaughter. This insistence has been given the most serious consideration by the Court because of the severity of the sentence imposed by the jury. But former decisions cannot be considered as a criterion or authority for thus mitigating a sentence fixed by the jury and trial court in a given case. Every case must be governed by its own facts, and a decision made according to the demands of the law.

The judgment of the trial court is affirmed.