HASKELL BOWERS

*v.*

STATE OF TENNESSEE.

(*Knoxville,* September Term, (May Session) 1960.)

Opinion filed May 26, 1961.

STREET, BANKS & MERRYMAN, Elizabethton, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for defendant in error.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

The defendant below, Haskell Bowers, was convicted of involuntary manslaughter and sentenced to serve from one to three years in State Prison under one count of the indictment, and under the second count, he was found guilty of leaving the scene of an accident and fined $100. This appeal in error resulted.

1. It is contended the evidence preponderates against the verdict and in favor of the innocence of the accused.

2. The jury disregarded the instruction of the court by finding defendant guilty under both counts in the indictment, although the trial judge had instructed the jury to consider only the second count in the event defendant was acquitted on the first count.

3. The trial judge's instruction ruled out the possibility of the jury finding the incident to be the result of misadventure or accident.

The record discloses that Roy Eugene Hampton, a boy eighteen years of age, was struck by defendant's car prior to 10:03 o'clock during the night of October 28, 1959. The incident occurred on Bemberg Avenue, which is known as "Private Road." He was dead when a member of the Elizabethton Police Department arrived at 10:03 o'clock p.m. Shortly after the incident occurred, about 10:25 or 10:26 o'clock p.m., defendant appeared at the home of Nathan Smith, a cousin of defendant's, who carried the defendant home, a distance of about one mile from Smith's home.

Sometime later, about 12:30 o'clock a.m. defendant was back at Smith's home. Smith told him to go to the jail after learning that his car had hit some person. This he did.

Defendant's statements to his cousin, Nathan Smith, were to the effect that he, defendant, had been to the Am-Vets Club that evening before the incident; that he became sick; left the Club and lay down on the back seat of his car; that he knew nothing else until the car hit something causing him to raise up and discover that someone else was driving his car; that they were driving along the "Private Road"; that he was advised by the driver the car had struck a calf or dog and amounted to nothing; that he lay back down until the person driving the car stopped it at the north end of Holly Lane, got into another car, leaving the defendant there with the motor of his car running; that he cut the switch off, put the key in his pocket and walked to Nathan Smith's house; and that later he went to the jail to learn what the trouble was about.

Smith testified that the defendant was very drunk the first time he came to his home that evening, and an officer testified that he had alcohol on his breath when he saw the defendant at the jail.

The car involved was registered in the name of Bonnie Bowers, the defendant's wife. The defendant told the officers that the car belonged to him, but it was registered in his wife's name because his license had been revoked and he could not get license for it.

Two persons were with the victim at the time he was struck. Deceased was walking on the right edge of the road. Defendant's car came from behind them meeting

another car about the time the victim was struck. The victim's companions could not identify the driver of the car nor could they determine that there was more than one person in the car. The driver did not stop. There was no indication that he put on his brakes before striking the victim. The victim's body was knocked a distance of approximately 114 feet.

The only question is whether or not the defendant was driving the automobile at the time the victim was struck and killed. The effect of defendant's statements was to admit that his car struck the victim and there was other proof to corroborate this fact.

█ The proof indicates that the defendant was very drunk at the time the incident occurred, rendering it unnecessary to show that the victim's death was the natural and probable result of defendant's act since the act was malum in se. See *Edwards v. State,* 202 Tenn. 393, 304 S.W.2d 500, and *Keller v. State,* 155 Tenn. 633, 299 S.W. 803, 59 A.L.R. 685.

The State relies upon a number of circumstances indicating that the defendant was the driver of the automobile. First, the circumstances indicate that the driver of the car was drunk. Second, the statement of the defendant about some other person driving his car was not to be given much weight. Third, he was using the automobile on the evening in question and there was no statement by him that another person drove him to the Am-Vets Club, although in his statement to the officer and his cousin, he tried to make it appear that he did not drive the automobile because his license was revoked. Fourth, when he raised up from the back seat of the car

at the time the victim was struck, he was conscious enough to know that he was on "Private Road."

The State insists that if he was conscious enough to have remembered all of the circumstances related above the jury would well have believed the defendant below was really the driver of the car at the time the accident happened.

We therefore think that taking the State's testimony the jury could well believe that the defendant was driving the car at the time the collision took place.

We have considered all assignments of error, find them without merit and the judgment of the lower court is affirmed.