L. D. FUSTON

*v.*

STATE OF TENNESSEE.

386 S.W.2d 523.

(*Nashville*, December Term, 1964.)

Opinion filed January 29, 1965.

BRYSON & BRYSON, Woodbury, for L. D. Fuston.

GEORGE F. McCANLESS, Attorney General, MARNE S. MATHERNE, Assistant Attorney General, for the State.

MR. SPECIAL JUSTICE ROBERT S. CLEMENT delivered the opinion of the Court.

The Plaintiff in Error, hereinafter referred to as the Defendant or by name, was convicted of involuntary manslaughter and sentenced to not less than one nor more than five (5) years in the penitentiary for the death of Betty Sue Arnett who was killed in an automobile accident.

The accident occurred at an unmarked intersection in Cannon County, Tennessee, when a truck driven by the Defendant collided with an automobile driven by Billy Bell. The deceased was a passenger in the Bell car and was seated on the right-hand side of the front seat.

Bell testified that on April 10, 1962, at about 7:00 P.M. he went to the Arnett home, picked up the deceased and approached the intersection where the accident happened from the West, travelling toward the East. Bell stated that as he came up to the intersection, he didn't see anything, started on through, and that the Defendant's truck, with no lights burning, crashed into the side of the Bell car, killing Miss Arnett and seriously injuring the

driver. This witness positively testified that the lights on the Defendant's truck were not burning at the time of the accident. The Defendant's truck entered the intersection from the South and, according to the evidence and the pictures, hit the Bell car about the center of the right side. The indictment charged the Defendant with operating a motor vehicle while under the influence of an intoxicant and thereby causing the death of the deceased. Several witnesses who observed the Defendant at the scene of the accident testified that the Defendant was drinking and had the odor of alcohol on his breath.

The Sheriff of Cannon County testified that he was called to the scene of the accident and that he had a conversation with the Defendant at the scene, asking him how the accident happened. In the course of his investigation, the Sheriff testified that he found a cold drink bottle or two in the truck and a bottle that usually contains whiskey. The Sheriff identified a liquid which he found on the floorboard as whiskey. The Sheriff arrested the Defendant and a companion, one Clarence Bass, for being drunk.

Other witnesses testified to seeing the Defendant in the afternoon of April 10, 1962, and that he was drinking.

The Defendant makes three assignments or error, the first two dealing with the evidence. It is well settled in this State that a conviction in a criminal case will not be reversed on the facts unless it is shown that the evidence preponderates against the verdict of guilt and in favor of the innocence of the accused. *Ford v. State,* 184 Tenn. 443, 201 S.W.2d 539; *Chadwick v. State,* 189 Tenn. 256, 225 S.W.2d 52; *Cooper v. State,* 123 Tenn. 37, 138 S.W. 826. The first two assignments of error are overruled.

In his third assignment of error, the Defendant insists that it was error for the Court to refuse to charge the jury as follows:

"I charge you further, gentlemen of the jury, that at the time of the subject collision, subsection (b) of Section # 59-828 of Tennessee Code Annotated was in force, said subsection being as follows:

" 'When two (2) vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.'

"If you find from all the proof that the intersection at which the subject collision occurred is unmarked, uncontrolled intersection, the statutory provision just quoted to you will be applicable.

"If you find from all the proof that the defendant, L. D. Fuston, was approaching the intersection from the south and that Bell was approaching the intersection from the west, Fuston woud be on the right and Bell would be on the left within the meaning of the quoted statute.

"I further charge you, that if you find from all the proof, or have a reasonable doubt but that the same is true, that the automobile driven by Bell was driven into the intersection and collided with the truck driven by the defendant, Fuston, in a manner contrary to the quoted statute, and that such driving by Bell was the cause of the collision, it would be your duty to acquit the defendant."

 The indictment in this cause charged the Defendant with driving a motor vehicle while under the influence of an intoxicant and causing the death of the deceased.

In *Keller v. State,* 155 Tenn. 633, 299 S.W. 803, 59 A.L.R. 685, in an opinion by Chief Justice Green, this Court held that the driving of an automobile on the public highways while under the influence of an intoxicant is an unlawful act malum in se. It is also stated in the Keller case, supra, that contributory negligence does not apply in criminal cases. The third assignment of error is overruled.

Counsel for the Defendant has presented this case in a forceful and effective manner; and we have carefully read the record and the charge of the Trial Judge, which we find to be very favorable to the Defendant, but we find no error in same. It, therefore, follows that the judgment of the lower court must be affirmed.