Billy G. LAYNE, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Nov. 20, 1975.

Certiorari Denied by Supreme Court Dec. 30, 1975.

Petition to Rehear Denied March 1, 1976.

H. H. Gearinger, Chattanooga, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, David H. Rotroff, Asst. Dist. Atty. Gen., Chattanooga, for defendant-in-error.

## OPINION

GALBREATH, Judge.

In his usual courtly and eloquent manner, the Honorable H. H. Gearinger of the Chattanooga Bar as counsel for plaintiff in error seeks to persuade us that the conviction in this case for second degree murder resulting from the reckless use of a motor vehicle should be reversed because the defendant at the time was under the influence of barbiturate drugs to such an extent and in such manner as to render him temporarily insane due to involuntary intoxication.

There is no dispute as to the physical facts adduced at trial from which the jury found the defendant, while driving his automobile in a northerly direction on U. S. Highway 27 in Hamilton County, crossed to the wrong side of the road and collided with another vehicle head-on, causing the death of its two occupants. It is contended on behalf of the defendant that due to addiction he had an overwhelming compulsion to ingest the drugs which rendered the resulting intoxication involuntary and that the disability produced by the intoxication was symptomatic of illness and disease rather than a state of criminality. There is no suggestion in the record that the ingestion of the drugs was in any sense a result of mistake, trick, accident, or coercion.

We are faced with two controlling factors preventing our concurrence with the theory so ably advanced on behalf of plaintiff in error. The jury found as a matter of fact that the defendant was not insane at the time of the accident. And, our Supreme Court has consistently rejected all alternatives to the test of insanity controlling in Tennessee as charged by the trial court and generally referred to as the M'Naghten test or rule. It may well be that our highest Court will someday modify the law now controlling us on this point, but until it does we are firmly bound by its former pronouncements in such cases as *Spurlock v. State*, 212 Tenn. 132, 368 S.W.2d 299. See also *Smith v. State*, 2 Tenn.Cr.App. 192, 452 S.W.2d 669.

Past decisions of our Supreme Court have characterized homicides resulting from operating an automobile under the influence of an intoxicant as involuntary manslaughter. *Keller v. State*, 155 Tenn. 633, 299 S.W. 803; *McGoldrick v. State*, 159 Tenn. 667, 21 S.W.2d 390, and *Gentry v. State*, 184 Tenn. 299, 198 S.W.2d 643. Other decisions have affirmed second degree murder convictions arising out of such vehicular deaths. *Owen v. State*, 188 Tenn. 459, 221 S.W.2d 515, and *Rogers v. State*, 196 Tenn. 263, 265 S.W.2d 559. In *Rogers* the Supreme Court directly held that even when the catastrophic "result may not have been intended:"

"... we nevertheless hold that a driver of an automobile while intoxicated and driving recklessly upon the public highway, will not be heard to say he had no intention of doing an injury to the person or property of another. The intent to commit a criminal act, ... is evidenced by the act itself, so in the case at bar intent is evidenced (1) by the wilful drinking of intoxicating liquors, (2) knowingly driving an automobile while drunk at a dangerous and reckless rate of speed, to wit 60 and 70 miles an hour, and (3) with knowledge that his condition in thus driving was perilous to every person

on the highway including the defendant himself. It would be a mockery of the law for one thus guilty of violating the criminal laws of the State, enacted for the protection of human life, to say he could not foresee the consequence of his act."

From a close reading of the two lines of cases cited above it would appear that there has evolved over the past fifty years a blurring of the distinction between manslaughter and murder when the death results from the unlawful operation of a vehicle. Inasmuch as the highest Court of this State has consistently affirmed convictions for either offense found by the jury, we must affirm the conviction in this case. We accordingly overrule the assignments of error challenging the sufficiency of the evidence and the charge of the court as it related to the voluntariness of the defendant's drug induced intoxication. We find the charge was complete and correct.

Appellant's conviction for possession of a controlled substance is not challenged in this appeal.

We have carefully considered all the assignments, including that directed to argument of the prosecuting attorney as prejudicial and inflammatory and find no reversible error.

Affirmed.

WALKER, P. J., and DUNCAN, J., concur.