Dorothy M. **GRIFFIN** and **William H. Stringer**, Appellants,

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Nov. 29, 1978.

Certiorari Denied by Supreme Court March 5, 1979.

Robert E. Burch, Dickson, for appellants.

William Leech, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Nashville, James Kenneth Atkins, Asst. Dist. Atty. Gen., Charlotte, Dan Cook, Asst. Dist. Atty. Gen., Ashland City, for appellee.

## OPINION

TATUM, Judge.

The appellants, Dorothy M. Griffin and William H. Stringer, were sentenced to serve ten years in the penitentiary for second-degree murder. By numerous assignments of error, they attack their convictions on sundry and divers grounds. The assignments are without merit.

We will summarize the accredited evidence. Shortly before midnight on 2 April 1977, Constable Howard Bowen was struck by an automobile driven by Dorothy M. Griffin on Highway 46. Her companion, William H. Stringer, the car's owner, was convicted as an aider and abettor. Griffin and Stringer had left a nightclub in Dickson County where they had been drinking beer. Shortly before he was struck, Constable Bowen had pulled over an automobile with no taillights. The driver, Levi Odom, stopped his car on the shoulder of the northbound lane of Highway 46 with its left wheels adjacent to the eastern margin of the highway. Constable Bowen also stopped his automobile on the eastern shoulder of the highway behind the Odom automobile, but further from the margin of the paved portion of the highway. As Constable Bowen was standing on the highway, near the edge of the paved portion talking with Mr. Odom (who remained seated in his

car), he was struck by the appellants' northbound vehicle. His left leg was severed from his body and he was knocked approximately 50 feet from where he was standing. The appellants' vehicle was brought to a stop 590 feet from the point of impact; there was flesh on the right headlight and front bumper of their car. The right side of the car was bent in the area below the right windshield. Constable Bowen had left a blue light flashing on the dashboard of his automobile and there was evidence that this light was visible to approaching traffic. The appellants' vehicle left no skid marks.

It was determined that Mrs. Griffin had .13% blood alcohol content and Mr. Stringer had .23%. There was other substantial evidence that the appellants were intoxicated; there were two six packs of beer in the appellants' automobile, one of which was missing two cans.

Stringer did not testify. Mrs. Griffin denied being intoxicated. She testified that after she left the nightclub, she drove on Highway 46 towards Dickson. When they approached the Odom and Bowen automobiles, Stringer told her, "Watch those cars," and she replied, "I see the cars" (referring to the Odom and Bowen cars). She testified that she was meeting a string of cars traveling toward her and as she was watching them, she "could not keep my eye on *both sides* of the road." She further testified:

> . . . The first thing I know, the glass was flying out of the side of the car, and I said to Bill: "What in the world has happened?" He said: "Dot, stop!" Said: "You have just killed that man." I pulled to the side of the road and stopped. He gets out of the car. He says: "Sit here. I'm going back to identify myself." And I sat there till they come and got me.

■ In their first assignment, the appellants state that driving while intoxicated, without more, is insufficient to establish malice. In *Shiflet v. State*, 216 Tenn. 365, 373, 392 S.W.2d 676, 680 (Tenn.1965), our Supreme Court said:

It is conceded by Counsel for defendant that the criminal intent necessary to sustain a conviction of murder in the second degree is supplied from an unlawful act which is malum in se, and that driving an automobile while under the influence of an intoxicant is such an unlawful act. *Keller v. State*, 155 Tenn. 633, 299 S.W. 803, 59 A.L.R. 685 (1927); *Owen v. State*, 188 Tenn. 459, 221 S.W.2d 515 (1949); *Rogers v. State* [196 Tenn. 263, 265 S.W.2d 559 (1954)], supra; *Edwards v. State*, 202 Tenn. 393, 304 S.W.2d 500 (1957).

In the case of *Tarvers v. State*, 90 Tenn. 485, 16 S.W. 1041 (1891), this Court said:

> "If the act done was an unlawful act, and the doing of it was directly perilous to human life, and so known to the wrongdoer, that then there is implied such a high degree of conscious and willful recklessness as to amount to that malignity of heart constituting malice. The result may not have been intended, yet the deliberate and conscious doing of an act, the probable consequence of which was death, amounts to murder at common law."

In an effort to define the distinctions between involuntary manslaughter and second-degree murder in these type cases, we have thoroughly reviewed all of our reported cases on the subject and have agreed with the conclusion of another panel of this court expressed in *Layne v. State*, 531 S.W.2d 802, 804 (Tenn.Cr.App.1975):

> From a close reading of the two lines of cases cited above it would appear that there has evolved over the past fifty years a blurring of the distinction between manslaughter and murder when the death results from the unlawful operation of a vehicle. Inasmuch as the highest Court of this State has consistently affirmed convictions for either offense found by the jury, we must affirm the conviction in this case.

In overruling this assignment, we must observe evidence of malice other than the intoxication of the driver. Though the

Odom and Bowen vehicles were visible for one-fourth mile, Mrs. Griffin, by her own admission, was incapable of observing her own side of the road, though she had been warned by her companion to watch the Odom and Bowen vehicles. There was evidence from which the jury could infer that she was driving at a high rate of speed and failed to see the deceased who was unquestionably standing in the highway directly in her path. When she finally brought her automobile to a stop, she did not attempt to assist the person whom she had been told that she had struck. We think that these facts, in addition to her intoxication, support the jury's finding of malice and verdict of second-degree murder.

■ In their second assignment, the appellants insist that the trial judge erred in charging the jury in the language of T.C.A. § 59–1047, saying that alcohol content of more than .10% created a presumption of intoxication. The appellants insist that the use of the word "presumption" violated the due process clause of the United States Constitution, citing *Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed.2d 508, 95 S.Ct. 1881 (1975).

At the appellants' request, the trial judge gave the jury this additional instruction:

If the Defendant is shown by a blood test to have .10% of alcohol in his blood, you may infer that the Defendant is under the influence of an intoxicant. The State must prove the fact of the intoxication, and the Defendant must not be called

upon to overcome any presumption with respect to any necessary elements of the offense.

If the trial judge's original charge was erroneous, the error was cured and rendered harmless beyond a reasonable doubt by this supplemental instruction.

■ In the third assignment, the appellants say that the court erred in refusing to instruct the jury that the death must have been caused by the unlawful act in order to convict of homicide. The appellants candidly say, "This assignment is a vigorous and direct assault upon the rule of *Keller v. State*, 155 Tenn. 633, 299 S.W. 803, 59 A.L.R. 685 (1927)." The *Keller* rule is that in a prosecution for vehicular homicide of one who, while intoxicated, ran an automobile over the deceased, the question as to whether the intoxicated condition of a defendant was the cause of death does not arise, since driving while intoxicated is unlawful act *malum in se*. This rule has been criticized by some [1] and praised by others [2], but it has been consistently followed by the appellate courts of this State. See *Fuston v. State*, 215 Tenn. 401, 386 S.W.2d 523 (1965); *Hardin v. State*, 210 Tenn. 116, 356 S.W.2d 595 (1962); *Edwards v. State*, 202 Tenn. 393, 304 S.W.2d 500 (1957); *McGoldrick v. State*, 159 Tenn. 667, 21 S.W.2d 390 (1929); *Cole v. State*, 512 S.W.2d 598 (Tenn. Cr.App.1974); *Shadden v. State*, 2 Tenn.Cr. App. 450, 455 S.W.2d 164 (1970). Though the trial judge did not submit the issue of proximate cause or causal connection to the

1. See *Murder Convictions for Homicides Committed in the Course of Driving While Intoxicated*, 8 Cumb.L.Rev. 477 (1971). The rule was criticized by the writer of this opinion in a concurring opinion in *Billy Millsaps v. State*, No. 70, McMinn. Co. (Tenn.Cr.App. Nov. 29, 1976):

"The leading case, *Keller v. State*, 155 Tenn. 633 [299 S.W. 803] (1927), holds that in involuntary manslaughter cases where the accused is under the influence of an intoxicant, the State is not required to prove causal connection between the intoxicated condition of the accused and the death of the victim.

\* \* \* \* \* \*

"I do not quarrel with the holdings in the foregoing cases that contributory negligence is not a defense. However, I cannot rational-

ize the rule that in automobile homicide cases in which the driver is intoxicated, it is not necessary to show that intoxication was at least a contributing cause of the death of another person. This rule is not applicable in any other type homicide case. For example, in *Harper v. State*, [206 Tenn. 509] 334 S.W.2d 933, 939 (1960) (shooting homicide), the Supreme Court said: "It is general knowledge among people of ordinary intelligence that an accidental homicide which did not *result* from an unlawful act or an act done in an unlawful manner, etc., is not an unlawful homicide." (Emphasis supplied). See also, *Roe v. State*, 210 Tenn. 282, 358 S.W.2d 308 (1962); *Copeland v. State*, 154 Tenn. 7 [285 S.W. 565] (1926)."

2. 41 Harv.L.Rev. 669 (1928).

jury, we must overrule this assignment because the *Keller* rule was in force when this homicide occurred and when the case was tried.[3]

Assignment four attacks the rule which permits the jury to imply malice from proof of driving while intoxicated. Our discussion of the first assignment disposes of this assignment. This rule is firmly established.

In assignment five, the appellants say that error was committed in admitting the results of Mrs. Griffin's breath test; they say that the State failed to show the proper functioning of the machine or the certification of the operator. The appellants cite *Pruitt v. State*, 216 Tenn. 686, 393 S.W.2d 747 (1965); *Fortune v. State*, 197 Tenn. 691, 277 S.W.2d 381 (1955). The record does not support the allegations in this assignment. The operator of the machine had received special training on its operation and testing. He had approximately two years' experience in using the machine. The machine is serviced every three months. The witness testified that the machine was tested before each use to determine whether it was functioning properly. The evidence was admissible under the *Fortune* and *Pruitt* criteria. This assignment is overruled.

In their next assignment, the appellants complain of eleven instances of alleged misconduct of the Assistant District Attorney General; they say they should have been granted a mistrial because of his making certain statements and asking certain questions of witnesses. We will not burden this opinion with a separate discussion of each alleged act of misconduct. Many of the questions and statements complained of were competent and material; the trial judge sustained objection to others; no objection was made to still others. None of them were of such magnitude as to warrant the granting of a mistrial. The trial judge did not abuse his discretion and this assignment must be overruled. *Hembree v. State*, 546 S.W.2d 235 (Tenn.Cr.App.

1976); *Layman v. State*, 1 Tenn.Cr.App. 83, 429 S.W.2d 832 (1968).

The appellants next say that there was no evidence of venue. Constable Charles Don Jackson testified that the occurrence was "on 46 highway in Dickson County." There was other evidence that the incident occurred in Dickson County. This assignment is without merit.

The appellants next complain of the trial judge's refusing to permit their counsel to review his jury instructions prior to delivery and ordering counsel not to interrupt his delivery of the charge. Counsel cites no authority in support of this assignment and we know of none. No prejudice is shown. There is no merit in this assignment.

Finally, the appellants complain of the trial judge's permitting an expert witness to answer a hypothetical question assuming facts not in evidence. The State asked an expert witness to relate the minimum number of beers a person weighing 115 pounds would require before reaching a blood alcohol content of .13%. A similar question was asked concerning a 160 pound person with a blood alcohol content of .23%. The trial court admitted this evidence contingent upon the State's later proving the weight of the two appellants; this was never done.

The trial judge later instructed the jury:

THE COURT: Ladies and gentlemen of the Jury, there's no proof in this record as to the weight of either of these Defendants. And so, insofar as this hypothetical that the witness testified about, you must disregard it insofar as it relates to these Defendants inasmuch as there's no testimony in this record as to what either of these Defendants weighs—not one word of evidence that the Court recalls pertaining to that.

A hypothetical question should properly be excluded where the question assumes facts not in evidence. *Moon v. Johnston*, 47 Tenn.App. 208, 337 S.W.2d 464

---

**3.** The Vehicular Homicide Act, effective May 11, 1978, requires that the killing be the proximate result of the driver's intoxication or conduct creating a substantial risk of death or serious bodily injury. See T.C.A. § 39–2412.

659

(1959); *Sepaugh v. Methodist Hospital*, 30 Tenn.App. 25, 202 S.W.2d 985 (1946). However, any error was cured by the court's instruction not to consider it. *Bennett v. State*, 530 S.W.2d 788 (Tenn.Cr.App.1975); *Craig v. State*, 524 S.W.2d 504 (Tenn.Cr. App.1974).

The judgment of the Criminal Court is affirmed.

RUSSELL, P. J., and DAUGHTREY, J., concur.