**STATE of Tennessee, Appellee,**

v.

**Raymond W. DURHAM, Appellant.**

Court of Criminal Appeals of Tennessee, Nashville.

Feb. 3, 1981.

Permission to Appeal Denied by Supreme Court April 13, 1981.

Roy N. Wilson, Brown & Wilson, Dickson, for appellant.

William M. Leech, Jr., Atty. Gen., David M. Himmelreich, Asst. Atty. Gen., Nashville, William B. Lockert, Jr., Dist. Atty. Gen., James Kenneth Atkins and Dan Cook, Asst. Dist. Attys. Gen., Ashland City, for appellee.

## OPINION

DUNCAN, Judge.

The appellant-defendant, Raymond W. Durham, after a jury trial on his plea of not guilty, was convicted of murder in the second degree and received a penitentiary sentence of fifteen (15) years. In the same trial, the defendant pled guilty to the offense of driving on a revoked license, and for this offense the jury fixed his punishment at a workhouse sentence of five (5) months, and the trial court ordered this sentence to be served concurrently with his penitentiary sentence.

In this appeal, the defendant contests the legal sufficiency of the convicting evidence, contends that the trial court erroneously allowed an amendment to another indictment which charged him with driving while under the influence of an intoxicant, complains of a witness's testimony about an out-of-court statement made by another witness, and insists that the district attorney general's argument was improper.

■ We note that none of the foregoing complaints were listed as grounds in the defendant's motion for a new trial. Rule 3(e) of the *Tennessee Rules of Appellate Procedure* provides, in part:

[I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or oc-

curring during the trial of the case, *or other ground upon which a new trial is sought,* unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived. (emphasis added).

Thus, by virtue of the above rule, the defendant is not entitled to a review of any of his contentions, except the one regarding his evidentiary complaint.[1]

■ On December 14, 1978, around 5:15 p. m., there was a collision between two automobiles on Highway No. 46 in Dickson County. The defendant was driving one of the vehicles, and the deceased, Orvil B. Sullivan, was driving the other car. James Lowe was a passenger in the defendant's vehicle. All these individuals were injured and taken to the hospital. Lowe and the defendant were treated and released from the hospital, with the defendant being released to the custody of the police. Mr. Sullivan died from his injuries shortly after arriving at the hospital, and his death resulted in this charge of second degree murder against the defendant.

The State's evidence showed that at the time of the collision, the defendant's vehicle was travelling between sixty (60) and sixty-five (65) miles per hour, that the collision occurred on the deceased's side of the road, and that at the time of the collision the defendant was operating his vehicle while he was under the influence of intoxicants.

William Harrington and his brother, Roy Harrington, were travelling in separate vehicles in front of the deceased when they observed a vehicle coming towards them in their lane of traffic. Both turned their vehicles onto a side road and thus were able to avoid a collision, but the oncoming vehicle collided with the deceased's car.

Trooper Gerald Bomba, who investigated the accident, observed the defendant at the scene, at the hospital, and at the police station. He smelled beer on the defendant's breath and noticed that he had diffi-

---

1. Under Rule 3(e) of the *Rules of Appellate Procedure,* failure to list grounds in a motion for a new trial operates as a waiver to those grounds "upon which a new trial is sought." A finding that the evidence was insufficient to support the verdict would mandate a dismissal, and thus such ground would be subject to review even though it was not listed in a motion for a new trial.

culty in walking. Trooper Bomba testified that he concluded the defendant was under the influence of alcohol because of the conversations he had with him, "the color of his eyes, his breath, and his cocky attitude." At the hospital, the defendant was argumentative, and when told by Trooper Bomba that he had "killed somebody," the defendant would "grin" and "snicker."

Virginia England came upon the scene after the wreck and saw the defendant, heard him cursing, and smelled beer on his person.

James F. Lowe, a passenger in the defendant's automobile, testified for the State and said that after he and the defendant got off from work, they went to the Ron De Voo Club and drank two (2) beers each, then went to the Blue Moon Club where they each had a drink of whiskey. Also, while at the Blue Moon Club, the defendant ordered another beer for each of them, but they did not drink all of this beer because they got "rowdy" and were asked to leave. However before they left the defendant ordered two (2) more cans of beer to go.

Officer James Roy Johnson of the Dickson City Police Department testified that the defendant was laughing and cursing at the hospital and that he could smell "the odor of an alcoholic beverage on his breath," and that in his opinion, the defendant was under the influence of an intoxicant.

Randy Hill, an emergency medical technician with the Dixon County Ambulance Service, observed the defendant as he was being taken to the hospital. Hill noticed an "apparent odor of alcohol" on the defendant's breath. Hill opined that on the basis of similar experiences he had had in the past with individuals involved in automobile wrecks, and in light of the defendant's actions, speech and demeanor, the defendant was "under the influence of alcohol."

The defendant testified and denied that he was under the influence of intoxicants at the time of the wreck. According to him, he got off work at 2:30 p. m., and went with Lowe to the Ron De Voo Club where they each drank two (2) beers. They left there at around 4:35 p. m. and went to the Blue Moon Club where he drank one-half of a can of beer, at which time they were asked to leave because Lowe had caused a disturbance. He then decided to return to the first club that they had visited to get a six-pack of beer to take home. On the way to the club, the defendant reached under the deck to turn on the heater, and when he did so, his car collided with the deceased's vehicle. The defendant admitted that he "might have scooted over the line" and "might have been over the line" at the time of the collision.

A defense witness, Albert Odom, testified that he saw the defendant at the Blue Moon Club around 4:00 p. m. and that the defendant ordered one (1) beer. He said that the defendant didn't "appear to be under the influence of anything."

Farris Neely, an employee of the Ron De Voo Club and a half-sister to the defendant, said that the defendant was not intoxicated when he left that club. Helen Murray, a friend of Ms. Neely, testified that the defendant drank one (1) beer at the Ron De Voo Club and that he was not intoxicated when he left there.

The defendant argues that the evidence is insufficient to show that he was driving his vehicle while under the influence of an intoxicant, and further argues that the evidence does not establish the necessary element of malice sufficient to warrant a conviction for murder in the second degree. We disagree.

The verdict of guilty shows that the jury accredited the testimony of the State's witnesses and resolved all conflicts in the testimony in favor of the State. *State v. Hatchett*, 560 S.W.2d 627 (Tenn.1978); *State v. Cabbage*, 571 S.W.2d 832 (Tenn. 1978). The jury was fully warranted in finding that the defendant was driving while intoxicated at the time of the collision. This finding, along with all of the other facts and circumstances surrounding this event, including the defendant's conduct both before and after the collision, sufficiently established the necessary element of malice.

In *Shiflet v. State*, 216 Tenn. 365, 392 S.W.2d 676 (1965), our Supreme Court said:

It is conceded by Counsel for defendant that the criminal intent necessary to sustain a conviction of murder in the second degree is supplied from an unlawful act which is malum in se, and that driving an automobile while under the influence of an intoxicant is such an unlawful act. *Keller v. State*, 155 Tenn. 633, 299 S.W. 803, 59 A.L.R. 685 (1927); *Owen v. State*, 188 Tenn. 459, 221 S.W.2d 515 (1949); *Rogers v. State* [196 Tenn. 263, 265 S.W.2d 559 (1954)], supra; *Edwards v. State*, 202 Tenn. 393, 304 S.W.2d 500 (1957).

216 Tenn. at 373, 392 S.W.2d 680.

In the case of *Tarvers v. State*, 90 Tenn. 485, 16 S.W. 1041 (1891), our Supreme Court said:

[I]f the act done was an unlawful act, and the doing of it was directly perilous to human life, and so known to the wrongdoer, that then there is implied such a high degree of conscious and willful recklessness as to amount to that malignity of heart constituting malice. The result may not have been intended, yet the deliberate and conscious doing of an act, the probable consequence of which was death, amounts to murder at common law.

90 Tenn. at 496, 16 S.W. 1044.

■ The jury's verdict has removed the defendant's presumption of innocence and has raised a presumption of guilt upon appeal. *State v. Grace*, 493 S.W.2d 474 (Tenn. 1973). Our inquiry is whether the evidence is sufficient for a rational trier of fact to find guilt beyond a reasonable doubt. *Tenn.R.App.P.* 13(e); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We find the evidence to be more than sufficient to support the jury's verdicts finding the defendant to be guilty beyond a reasonable doubt of murder in the second degree and driving on a revoked license.

■ As indicated at the outset of this opinion, the defendant's other complaints have been waived by his failure to include them in his motion for a new trial. However, in answering the defendant's evidentiary complaint, we have reviewed the entire record and have had an opportunity to consider his other complaints. We find that they are without merit. The defendant complains that the trial court erroneously allowed the State to amend his indictment for driving while intoxicated by alleging a correct date. Contrary to the defendant's argument, we find that this amendment was made before jeopardy attached, and thus was proper under Rule 7(b) of the *Tennessee Rules of Criminal Procedure.* Moreover, when the jury advised the trial court that in arriving at their decision on the defendant's guilt of second degree murder, they had found the defendant guilty of driving while intoxicated, the trial court then told the jury that the verdict on the indictment for driving while intoxicated would not be necessary, and no verdict was returned on that indictment.

■ Further, the defendant's complaint about a "tacit admission" contained in an out-of-court statement is of no significance. This issue arose when Trooper Bomba testified that when Lowe and the defendant were together in the hospital emergency room, Lowe made a statement that just before the collision the defendant said, "There's a car on our side of the road." Obviously, such a statement would not have served to prejudice the defendant in any manner. Moreover, Lowe, in his testimony at the trial and without any objection being entered by the defendant, quoted the defendant as saying substantially the same thing.

■ Finally, we have reviewed the district attorney general's argument and have determined that the comment of which complaint is made was not improper. Moreover, this complaint was waived when the defendant failed to make a contemporaneous objection. *Gunter v. State*, 499 S.W.2d 954 (Tenn.Cr.App.1973).

The judgments of the trial court are affirmed.

TATUM and BYERS, JJ., concur.