# STATE OF FLORIDA v BENNETT

### Case No. 84072/3-QH

County Court, Volusia County

June 21, 1988

## APPEARANCES OF COUNSEL

**Sam Easterbrook**, Assistant State Attorney, for plaintiff.
**Flem K. Whited, III** for defendant.

## OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS MATTER having come before the Court on May 24, 1988 for a hearing on Defendant's Motion to Declare Florida Statute 316.1934 unconstitutional and the Court having heard argument therein, finds as follows:

The court file shows that defendant was arrested on March 18, 1988 for Driving Under the Influence in violation of § 316.193 *Fla. Stat.* (1987). The court file and the Florida Uniform Traffic Citation show Intoxilyzer 5000 readings of .121 and .106.

The defense, pursuant to *Rolle v. State,* Case No. 87-2089 (Fla. 4th

DCA April 27, 1988) [13 FLW 1030] seeks to have § 316.1934(2)(c) *Fla. Stat.* (1987) declared unconstitutional.

Section 316.1934(2) provides:

Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving, or in actual physical control of a vehicle while under the influence of alcoholic beverages or controlled substances, when affected to the extent that his normal faculties were impaired or to the extent that he was deprived of full possession of his normal faculties, the results of any test administered in accordance with § 316.1932 or § 316.1933 and this section shall be admissible into evidence when otherwise admissible, and the amount of alcohol in the person's blood at the time alleged, as shown by chemical analysis of the person's blood or breath, shall give rise to the following presumptions:

(a) If there was at that time 0.05 percent or less by weight of alcohol in the person's blood, it shall be presumed that the person was not under the influence of alcoholic beverages to the extent that his normal faculties were impaired.

(b) If there was at that time in excess of 0.05 percent but less than 0.10 percent by weight of alcohol in the person's blood, such fact shall not give rise to any presumption that the person was or was not under the influence of alcoholic beverages to the extent that his normal faculties were impaired, but such fact may be considered with other competent evidence in determining whether the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired.

(c) If there was at that time 0.10 percent or more by weight of alcohol in the person's blood, that fact shall be prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired. Moreover, such person who has a blood alcohol level of 0.10 percent or above is guilty of driving, or being in actual physical control of a motor vehicle, with an unlawful blood alcohol level.

The percent by weight of alcohol in the blood shall be based upon grams of alcohol per 100 milliliters of blood. The foregoing provisions of this subsection shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired.

The State during the hearing on defendant's motion presented a

suggested jury instruction naming and defining 316.1934(2)(c) a permissive presumption.

It is initially clear that this Court is bound by *Rolle* since there is no conflicting authority in Florida and the Fifth District Court of Appeal has not ruled on the issue. *Chapman v. Pinellas County,* 423 So.2d 578 (Fla. 2d DCA 1982).

The *Rolle* court in comparing § 316.1934(2)(c) to § 713.34(3) *Fla. Stat.* found the specific impairment provision unconstitutional. The Court did state, "It appears to us that the statute and instructions therein could be so worded as to pass constitutional muster".

It is the legislature's responsibility to correct unconstitutional statutes. It is not a court's responsibility to adapt jury instructions so as to make an otherwise unconstitutional statute constitutional. Once the legislature, if it chooses, deals with § 316.1934(2)(c) standard jury instructions based on a constitutional statute can be implemented. Cf. *Griffin v. State,* 578 S.W.2d 654 (Tenn. Crim. App. 1978) and *People v. Elliott,* 492 N.E.2d 946 (Ill. App. Ct. 1986).

This Court, based on the rationale contained in *Rolle,* i.e., what a reasonable juror could understand a charge to mean, finds that a court's jury instruction on § 316.1934(2)(a & b) absence (c) also suggests to a reasonable juror the unconstitutional mandatory rebuttable presumption contained in (c). Thus a charge on § 316.1934(2)(a & b) absent (c) is also unconstitutional.

It is noted in dicta that § 316.1934(2)(a-c) relates only to § 316.193(1)(a) (the impairment element of the offense) and not to the alternative subsection (1)(b) (the blood alcohol level of .10 percent or above element of the offense). This conclusion is based on the following:

Section 316.028 *Fla. Stat.* (Driving under the influence of alcoholic beverages, model glue or controlled substances) only contained the impairment element of the offense. Ch. 76-31 § 1, Laws of Fla., effective October 1, 1977, renumbered § 316.028 to § 316.193. Ch. 82-155 § 2, Laws of Fla., substantially rewrote § 316.193. The blood alcohol level of .10 percent or above element of the offense was added.

Section 322.262 (presumption of impairment) was created by the Ch. 67-308, §§ 2 and 3, Laws of Fla. Section 322.262 was renumbered § 316.1934 by Ch. 82-155, § 5, Laws of Fla. effective July 1, 1982.

The existence of the forerunner of § 316.1934 prior to the rewriting of § 316.193 to include the blood alcohol level of .10 percent or above element of the offense shows that the impairment presumptions only

apply or relate only to the impairment element of the offense, i.e., § 316.193(1)(a).

The above conclusion is also suggested by the fact that § 316.193 is labeled Driving Under the Influence. Section 316.1934(2) speaks of driving under the influence "when affected to the extent that his normal faculties were impaired", i.e., applicable to § 316.193(1)(a) only.

The Court in *Forte v. State,* 707 S.W.2d 89 (Tex. Crim. App. 1986), considering *Francis v. Franklin,* 471 U.S. 307, 105 S. Ct. 1965, 85 L.Ed.2d 344 (1985), dealt with an identical change in the law as above described. It found that the offense of driving under the influence was redefined to include an alternative element of an alcohol concentration of .10% or more. The alternative definition effectively abolishes the former presumption of intoxication (or impairment) based on an alcohol concentration of .10% or more alcohol concentration in defendant's body. The alternative definition (s. 316.193(1)(b) *Fla. Stat.*) merely defines the crime differently. The *Forte* court found that the legislature, by providing a new definition for one element of the offense, merely invoked its power to define criminal conduct within constitutional limits. As noted in footnote 12 of the *Forte* decision such appears to be the case in Alaska, Arizona, Arkansas, California, Delaware, Georgia, Illinois, New Jersey, North Carolina, Ohio, Oregon, Pennsylvania, South Dakota, Washington, and West Virginia.

Based on the above and foregoing, it is hereby:

ORDERED and ADJUDGED that Defendant's Motion as expanded herein is granted.

DONE and ORDERED in Chambers at Daytona Beach, Volusia COunty, Florida this 21st day of June, 1988.