Chadwick *v.* State.

(*Knoxville,* September Term, 1949.)

Opinion filed December 10, 1949.

DAGLEY & JOYCE, of Wartburg, for plaintiff in error.

J. MALCOLM SHULL, Asst. Atty. Gen., for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Defendant appeals from conviction on a charge of possessing whisky, with punishment fixed at a fine of $250 and sentence of ninety days in jail.

Sheriff R. E. Byrge testified that on November 8, 1947, pursuant to a search warrant, he searched a place of business in Morgan County, known as the "Big Apple," and found approximately 20 gallons of whiskey in pints and fifths. Some of this whisky was labeled Old Thompson and some was labeled Calvert's. He testified that when the two men who were in the establishment appeared before the justice of the peace on the preliminary hearing, defendant appeared and "tried to submit and pay off and said it was his whisky."

Defendant testified that he lived in Roane County, three miles from the "Big Apple"; that he never lived in Morgan County; that he had no interest in any kind of business in Morgan County as owner or operator, or otherwise; that he knew nothing about the raid until his son and his half-brother advised him that evening,

and asked him to go to Wartburg with them in an effort to settle the matter; that he did try to get the justice of the peace to let him pay off; that he did not remember whether he said the whisky was his; that he had loaned his half-brother, Mr. Schrader, the money to buy this place and knew that he would have to pay the costs; that he was trying to strike the best bargain possible.

▮ Defendant did not contradict the testimony of Sheriff Byrge that he voluntarily appeared before the justice of the peace and stated the whisky was his. He merely stated that he did not remember whether he made such an admission.

"The rule upon this subject, as announced by the later authorities, and the great weight of authority, is that, while the *corpus delicti* cannot be established by confessions alone, yet the confessions may be taken in connection with other evidence, direct or circumstantial, corroborating them, and, if from all of the evidence so considered together the *corpus delicti* and the guilt of the person with reference thereto is established beyond a reasonable doubt, it is the duty of the jury to convict. . . .

"Undoubtedly some evidence of the *corpus delicti* should precede the introduction of the confessions of the prisoner, to the extent at least of showing, *prima facie* (1 Elliott on Ev., Section 292), that a crime has been committed, . . . . But, if the wrong order be followed in the trial court, it is not reversible error. . . .

"All of the elements constituting the *corpus delicti* may be proven by circumstantial evidence." *Ashby* v. *State,* 124 Tenn. 684, 697-699, 139 S. W. 872, 875.

The holding of this Court in *King* v. *State,* 187 Tenn. 431, 215 S. W. 2d 813, is not in point. In that case the

State's witness denied her former admissions, and there was no other corroboration of admissions made by the defendant. Here there is other corroborating evidence, that is, the finding of the whisky, and defendant did not deny that he admitted the whisky was his.

There was no objection to the testimony of Sheriff Byrge with reference to the admission. In the instant case defendant was not the accused, Article 1, Section 9, Constitution of Tennessee, and he was not under arrest, Williams' Code, Section 11547 et seq. at the time he voluntarily appeared before the justice of the peace and admitted his ownership of the whisky. For this reason, our cases dealing with the duty of the justice of the peace to advise the accused as to his constitutional rights are not in point. *Giles* v. *State,* 185 Tenn. 429, 206 S. W. 2d 412.

We do not find that the evidence preponderates in favor of the innocence of defendant. Even in circumstantial evidence cases, the burden is on the defendant to show that the evidence preponderates against his guilt and in favor of his innocence. *Ford* v. *State,* 184 Tenn. 443, 201 S. W. 2d 539.

Affirmed.

All concur.