STATE of Tennessee, Petitioner,

v.

**Richard Lee SNEED, Respondent.**

Supreme Court of Tennessee.

May 10, 1976.

R. A. Ashley, Jr., Atty. Gen., Tom Jennings, Robert A. Grunow, Asst. Attys. Gen., Nashville, for petitioner.

Walker Gwinn, Asst. Public Defender, Memphis, for respondent.

## OPINION

FONES, Chief Justice.

We granted certiorari in this cause to consider the State's contention that the Court of Criminal Appeals erred in holding that there was insufficient evidence to support the jury's verdict that defendant was guilty of robbery by the use of a deadly weapon. We reverse the Court of Criminal Appeals and reinstate the conviction.

At defendant's trial the robbery victim testified that on December 9, 1973, at approximately 7:00 p. m. he and his daughter returned home from the Westwood Shopping Center. As he was locking the car, two men ran up to him. One held a knife at his stomach, and the other held a pistol at his back. His wallet containing identification, a payroll check, and cash in excess of two hundred seventy ($270) dollars were taken. He could not identify his assailants, or describe the clothing they were wearing.

In defendant's car at the time he was arrested, police recovered from the glove compartment a payroll check, an insurance company identification card, and a voter registration card, all issued to the victim. Under the right front passenger's seat, occupied by Michael Flake, also charged with the robbery, police found a pistol which was identified in court by the victim as being similar to the pistol used by one of the robbers.

Defendant testified at trial and generally corroborated a statement he made to the police the day after the robbery, and read at the trial. In the statement he said that on the day of the robbery he drove to the Westwood Shopping Center accompanied by Michael Flake and Michael Harris. Harris went inside a grocery store to make a purchase but returned in about five (5) minutes without having made a purchase and instructed defendant to follow a car occupied by a man and a woman. He said he did not consider this a peculiar request as he thought they were going to help the man and woman with their groceries. When he reached the driveway into which the other car had turned, he was going to park in front of the house but was instructed to park farther down the street. Flake and Harris then got out of the car and were gone about five (5) minutes. Defendant said that he did not know what they were doing as he was not able to observe them from where he was parked. When Flake and Harris returned to the automobile, Harris had a pistol in his hand and Flake had a knife. According to defendant, this was the first time he had any knowledge of a robbery. Defendant drove the automobile away from the scene of the robbery and let Harris out at his hotel, and he and Flake met with defendant's two (2) brothers, and were later arrested. Defendant testified that he received no money from the robbery, and at the time of his arrest he had only fifty-eight (58) cents on his person.

The jury evidently disbelieved the facts as related by defendant and found him guilty of robbery by the use of a deadly

weapon and sentenced him to the minimum term provided by law of ten (10) years.

The Court of Criminal Appeals, Judge Dwyer dissenting, reversed the conviction holding that there was insufficient evidence to support the jury's verdict. That Court, even though finding the defendant's story "incredible," felt that he had offered a "reasonable explanation for his presence" at the scene of the robbery, and found that there was "no reasonable evidence consistent with defendant's guilt . . .." A concurring opinion by one member of the Court of Criminal Appeals indicated that the jury had arbitrarily disregarded the explanation given by the defendant.

 It is well established that this Court will not reverse a criminal conviction on the facts unless the evidence preponderates against the verdict and in favor of the innocence of the accused. *White v. State,* 210 Tenn. 78, 356 S.W.2d 411 (1962). On appeal the burden rests upon the defendant to show that the evidence preponderates against the verdict and in favor of his innocence. *Chadwick v. State,* 189 Tenn. 256, 225 S.W.2d 52 (1949). After a careful review of the record, we find that the defendant has not met this burden, and that the evidence preponderates in favor of the verdict. Moreover, there is nothing to indicate that the jury arbitrarily disregarded the defendant's version of his involvement, or lack thereof, in the robbery. It is more likely that the jury did consider his testimony, but rejected it, as they certainly had the prerogative to do, as unbelievable and inconsistent with the State's theory.

Under certain circumstances, a legal presumption of guilt is negated by credible proof to the contrary. However, the presumption may prevail when the defendant fails to testify in rebuttal, or when the jury determines that his testimony is unbelievable. *Marie v. State,* 204 Tenn. 197, 319 S.W.2d 86 (1958). Here, defendant's credibility was at issue because of the conflict in evidence. The jury resolved the conflict against defendant, and we will not disturb that finding in the absence of a clear preponderance of the evidence in favor of defendant's innocence. *State v. Grace,* 493 S.W.2d 474 (Tenn.1973).

Counsel for defendant Sneed filed in this Court on 28 August 1975, "Reply to Petition for Certiorari, Statements, Assignments of Error Under Rule 13, and Brief and Argument on Behalf of Respondent, Richard Lee Sneed." Rule 13 of this Court is applicable to civil cases only. In criminal cases a defendant cannot invoke the jurisdiction of this Court for consideration of assignments of error in the Court of Criminal Appeals by any procedure other than that prescribed in T.C.A. § 16–452. Notwithstanding the foregoing we have elected to treat the filing in this Court on behalf of defendant Sneed as a reply brief and a petition for the writ of certiorari, timely filed. Upon consideration of the assignments of error, same are respectfully overruled and the petition for the writ is denied.

The judgment of the Court of Criminal Appeals is reversed and the jury verdict and judgment thereon is affirmed.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.