**Ricky PRICE, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, Knoxville.

March 15, 1979.

Certiorari Denied by Supreme Court June 4, 1979.

Dwight E. Stokes, Jerry K. Galyon, Sevierville, for appellant.

William M. Leech, Jr., State Atty. Gen., John Zimmermann, Asst. State Atty. Gen., Nashville, Al Schmutzer, Jr., Dist. Atty. Gen., Richard R. Vance, Asst. Dist. Atty. Gen., Sevierville, for appellee.

## OPINION

BYERS, Judge.

The appellant was convicted, in a jury trial, of third degree burglary and sentenced to not less than three (3) nor more than four (4) years in the penitentiary.

Appellant says the trial court erred in allowing into evidence proof of Appellant's prior convictions for burglary and larceny, says the trial court's instructions to the jury were incomplete, and says the evidence is insufficient to support the verdict. The appellant also contends he was deprived of the opportunity to present an adequate defense and denied due process because the officers who investigated the burglary were negligent in failing to gather, analyze and preserve evidence at the scene of the crime.

The judgment is affirmed.

On May 11, 1978, Officer Romines of the Sevier County Sheriff's Department was on patrol in the Kodak area of Sevier County. He spotted the appellant's car parked near some dumpsters approximately one hundred feet from a beauty shop and a grocery store. When Officer Romines checked the beauty shop, he discovered a window had been broken. On the ground below the window, he found a large screwdriver, a comb, a ladies wristwatch, and a wallet. The wristwatch was later found to belong to Appellant's wife; the wallet belonged to Appellant.

Inside the beauty shop, the investigating officer found dirt on a table under the window, dirt on a chair near the table, and dirt on the floor indicating the burglar had come in through the window, stepping first on the table, then stepping onto the chair

and then to the floor. There was a small spot of blood found on the glass remaining in the window.

Although nothing was missing from the beauty shop, several items were in disarray as if the burglar had been looking for something.

A search of the general area by sheriff's deputies turned up no suspects. The sheriff and two deputies then went to the appellant's mother-in-law's house, which was located some 8/10's of a mile from the beauty shop. When they arrived there, they found the appellant. He had a fresh cut on his arm.

The appellant testified he left his car near the beauty shop because he had run off the road and "banged his car up", knocking the front fender against the tire and damaging the passenger's side door to such an extent that it had to be tied shut. He also testified he was elsewhere with his wife and child at the time of the break-in. A rebuttal witness for the State, the wrecker driver who towed Appellant's car away from the scene, testified the front wheels rotated freely and the fender was not rubbing against the tire.

The appellant contends the evidence, which is wholly circumstantial, is not sufficient to support the jury verdict. We disagree.

■ A crime may be shown by circumstantial evidence alone if the circumstantial evidence sufficiently shows all the necessary elements of the crime and the appellant's connection therewith. *Marable v. State*, 203 Tenn. 440, 313 S.W.2d 451 (1958); *Duchac v. State*, 505 S.W.2d 237 (Tenn. 1973). The weight of the circumstantial evidence is for the jury to determine. *Pruitt v. State*, 3 Tenn.Cr.App. 256, 460 S.W.2d 385 (1970). In reviewing a case based on circumstantial evidence, we weigh the evidence in the same manner as direct evidence is weighed, that is, to determine if it preponderates against the verdict. *State v. Brown*, 551 S.W.2d 329 (Tenn.1977). The

burden is on the appellant to show the evidence preponderates against his guilt and in favor of his innocence. *Chadwick v. State*, 189 Tenn. 256, 225 S.W.2d 52 (1949); *State v. Townsend*, Tenn., 525 S.W.2d 842 (1975).

■ The jury heard testimony at the trial which placed Appellant near the scene of the crime at the approximate time the break-in occurred. Other evidence incriminating the appellant included his personal belongings found at the scene of the break-in and the cut on his arm which the jury could reasonably infer was received when the beauty shop window was broken. The appellant has failed to carry his burden of proof. The assignment of error relating to the sufficiency of the evidence is overruled.

The appellant contends the trial court erred in allowing into evidence proof of Appellant's prior convictions for burglary and grand larceny. The appellant says the trial court committed error by failing to hold a jury-out hearing to determine whether the probative effect of the convictions would be outweighed by their prejudicial effect on the jury.

■ The appellant had taken the stand to testify in his own behalf. On cross-examination, the District Attorney General was allowed to question the appellant as to his two prior convictions. Upon defense objections to the questions propounded by the District Attorney General, the trial court instructed the jury that these convictions were not to be considered as substantive evidence against the appellant, but were to be considered only as bearing on the appellant's credibility. There is a presumption that the jury complies with such an instruction delivered by the trial court. *Frazier v. State*, 566 S.W.2d 545 (Tenn.Cr.App.1977); *Bennett v. State*, 530 S.W.2d 788 (Tenn.Cr. App.1975).

■ Furthermore, Fed.R.Evid. 609(a)(2), which deals with the introduction of prior convictions for the purpose of impeaching a

witness, does not require that the probative value of the convictions be balanced against their prejudicial effect where the prior conviction is one involving dishonesty or false statement. Appellant's prior convictions for burglary and grand larceny involve dishonest conduct, i. e., stealing. *Arnold v. State*, 563 S.W.2d 795 (Tenn.Cr.App.1977). The trial court's decision to allow the prior convictions into evidence was not improper. Appellant's assignment of error challenging the introduction of his prior convictions is overruled.

The appellant's assignment of error concerning the trial judge's charge to the jury is two-fold. He alleges the trial court erred in failing to charge the jury as to the misdemeanor of "criminal trespass" as requested by defense counsel. He also says the trial court should have charged "attempt to commit a felony" under T.C.A. § 40–2520.

At the outset we would note that Appellant did not raise in his motion for new trial the issue of the trial court's failure to charge "attempt to commit a felony." Therefore any error on this issue has been waived. Tennessee Rules of the Supreme Court, Rule 14(5).

The appellant cites T.C.A. § 40–2518 in support of his position on the theory that criminal trespass and attempt to commit a felony are lesser included offenses of burglary and as such are required to be charged to the jury. We disagree.

The situation at hand is very much similar to the circumstances in *Judge v. State*, 539 S.W.2d 340 (Tenn.Cr.App.1976). In *Judge*, the defendant was being prosecuted for second degree burglary. The proof in *Judge* showed the offense had been completed. The defendant presented an alibi defense. "Therefore, the sole issue at trial

was the perpetrator's identity, and there is no evidence in the record which would tend to reduce the grade of the offense." The Court went on to hold that under such circumstances no instructions on lesser included offenses are required. *Judge v. State, supra*, at 342.

In the case *sub judice*, the proof was that the window to the beauty shop had been broken out and someone had entered the shop. The appellant contends he is wholly innocent by saying he was elsewhere when the crime occurred. As in *Judge, supra*, the proof shows a completed crime and the only issue is the identity of the perpetrator.[1] We hold that under the circumstances of this case, no instruction on lesser included offenses was required.[2]

In his last assignment of error, the appellant contends his conviction should be reversed because of the failure of the investigating officers to gather and preserve evidence found at the scene. The appellant's theory is that the failure to gather the evidence was tantamount to suppression or destruction of evidence by the police and violated Appellant's due process rights.

This assignment of error is overruled. The authorities cited by Appellant deal with the suppression or loss of existing evidence. It was not shown at trial that any evidence of the types alluded to by the appellant in his brief (i. e., fingerprint evidence, blood sample analysis) ever existed.

DWYER and TATUM, JJ., concur.

---

1. The fact that nothing was taken from the building does not preclude the jury from inferring that the breaking and entering was done with the intent to commit larceny. The intent to steal can be inferred from the actual breaking and entering of a building which contains things of value. *Bennett v. State*, 530 S.W.2d 788. (Tenn.Cr.App.1975).

2. This holding should not be interpreted to say that criminal trespass is a lesser included offense of burglary.