**STATE of Tennessee Appellee,**

v.

**Shannon KNIGHT, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Sept. 2, 1997.

No Permission to Appeal Applied for to the Supreme Court.

---

Comer L. Donnell, District Public Defender, Karen G. Chaffin, Assistant Public Defender, Lebanon (on Appeal), Bobby Ellis, Assistant Public Defender (at Sentencing), Lisa C. Cothron, Assistant Public Defender (at Trial), for Appellant.

Charles W. Burson, Attorney General and Reporter, Sarah M. Branch, Counsel for the State, Nashville, John D. Wootten, Jr., Asst. District Attorney General, Hartsville, for Appellee.

## OPINION

WADE, Judge.

The defendant, Shannon Knight, originally charged with four counts of passing forged checks and one count of theft over $1,000, was found guilty of one count of forgery and one count of theft under $500. The trial court determined that the defendant was a multiple offender and imposed Range II sentences of four years and eleven months, twenty-nine days respectively. While the sentences were ordered to be served concurrently, they are consecutive to a prior six-year sentence.

In this appeal of right, the defendant challenges the sufficiency of the evidence and complains that the sentence is excessive. Because the evidence was insufficient to support either conviction, the judgments are reversed and the causes dismissed.

In October of 1994, several blank checks were discovered missing by Vickie Hudson at Bray's Trucking, Inc., of Red Boiling Springs. Four of the checks, none of which bore an authorized signature, had been passed at different grocery stores in the area. The defendant's girlfriend, Rebecca Bennett, entered a plea of guilt to passing the four forged instruments.[1] She claimed that Jeff Hines, and not the defendant, had written the checks and that Hines had remained in the car when she cashed checks at two of the grocery stores; she testified that Hines was not present when a check (which resulted in the convictions) was cashed at the Sav–A–Lot Store in Lafayette.

On October 25, 1994, Linda Coulter, a cashier at the Sav–A–Lot, accepted a $349.53 Bray's Trucking, Inc., check dated October

---

1. Ms. Bennett received a three-year sentence.

21 from Ms. Bennett. The check was used to purchase $19.98 in groceries; Ms. Bennett received as change $329.55 in cash. Another cashier at Sav–A–Lot, Robin Trobaugh, saw Ms. Bennett leave the store and enter the passenger's side of a car which was being driven by someone else whom he could not identify. The store manager, Gary Eads, testified that he had seen the defendant in the Sav–A–Lot parking area several days earlier while in the company of Ms. Bennett. Eads specifically remembered the defendant's long hair and the tattoos on his arms.

Douglas Baldwin was an employee at Charlotte's Auto Parts in Lafayette at the time Ms. Bennett passed the check at the Sav–A–Lot. He testified that between 1:00 P.M. and 2:00 P.M. on October 25, he sold Ms. Bennett a decal, a license plate, antifreeze, and other similar items. Ms. Bennett, who was accompanied by the defendant at the time of the purchase, paid cash for the items.

Captain Ray Gammon of the Macon County Sheriff's Department executed a search warrant for Ms. Bennett's residence between 8:00 and 9:00 A.M. on October 27, 1994. When Captain Gammon entered the residence, the defendant and Ms. Bennett were asleep in bed. There was male clothing strewn about the interior. The Sav–A–Lot receipt, dated October 25, 1994, at 1:59 P.M., bore the same date as the purchase at Charlotte's Auto Parts. The time of the receipt corresponded with the date Douglas Baldwin had seen Ms. Bennett with the defendant.

While observing that the state's theory, based entirely upon circumstantial evidence, presented a "close question" of fact, the trial court allowed the submission of all counts to the jury after the state argued common scheme and plan and criminal responsibility for the conduct of another. The defendant did not testify. The jury found the defendant guilty of the unlawful transfer of a forged document to Sav–A–Lot, Tenn.Code Ann. § 39–14–114, and theft of less than $500, Tenn.Code Ann. § 39–14–103.

In a criminal case, a conviction can be set aside only when the reviewing court finds that the "evidence is insufficient to support the findings of the trier of fact of guilt beyond a reasonable doubt." Tenn. R.App. P. 13(e). When a sufficiency question is presented on appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978). This court may neither reweigh nor reevaluate the evidence. *Id.* at 836. The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts are matters entrusted exclusively to the trier of fact. *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn. Crim.App.1978); *see Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

An offense may be proven by circumstantial evidence alone. *Price v. State*, 589 S.W.2d 929, 931 (Tenn.Crim.App.1979). Our scope of review is the same when the conviction is based upon circumstantial evidence as it is when it is based upon direct evidence. *State v. Brown*, 551 S.W.2d 329, 331 (Tenn.1977); *Farmer v. State*, 208 Tenn. 75, 343 S.W.2d 895, 897 (1961).

In convictions such as these, where the evidence is entirely circumstantial, the jury must find that the proof is not only consistent with the guilt of the accused but inconsistent with his innocence. There must be an evidentiary basis upon which the jury can exclude every other reasonable theory or hypothesis except that of guilt. *Pruitt v. State*, 3 Tenn.Crim.App. 256, 460 S.W.2d 385, 390 (1970). The trial court has the duty to charge the jury on the weight and significance of circumstantial evidence when it is the only basis upon which the state's case rests. *Bishop v. State*, 199 Tenn. 428, 287 S.W.2d 49, 52 (1956).

The jury is governed by four rules when testing the value of circumstantial evidence: (1) the evidence should be acted upon with caution; (2) all of the essential facts must be consistent with the hypothesis of guilt; (3) the facts must exclude every other reasonable theory except that of guilt; and (4) the facts must establish such a certainty of guilt as to convince beyond a reasonable doubt that the defendant is the perpetrator

of the crime. *Marable v. State,* 203 Tenn. 440, 313 S.W.2d 451, 456 (1958).

Even when our scope of review is so limited, however, there is precedent for overturning verdicts which are not supported by sufficient circumstances:

> In order to convict on circumstantial evidence alone, the facts and circumstances must be so closely interwoven and connected that the finger of guilt is pointed unerringly at the defendant and the defendant alone. A web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt....

* * *

We cannot speculate a defendant into the penitentiary or permit a jury to do so. *State v. Crawford,* 225 Tenn. 478, 470 S.W.2d 610, 613 (1971).

One who "forges a writing with intent to defraud or harm another" is guilty of forgery. Tenn.Code Ann. § 39–14–114(a). The term "forge" includes altering, making, completing, executing or authenticating any writing so it purports to be the act of another who did not authorize that act. Tenn.Code Ann. § 39–14–114(b)(1)(A)(i)–(ii). A theft occurs when one knowingly obtains or exercises control over the property of another without the owner's effective consent and with the intent to deprive the owner of his property. Tenn.Code Ann. § 39–14–103; *see State v. Coleman,* 891 S.W.2d 237 (Tenn.Crim.App. 1994).

■ In the light most favorable to the state, the most condemning evidence against the defendant as to each of these crimes is that he was with Ms. Bennett between 1:00 and 2:00 P.M. on the day she cashed the forged Bray's Trucking check at the Sav–A–Lot at 1:59 P.M. Also, the defendant appeared to be sharing a trailer-type residence with Ms. Bennett two days later when a search warrant yielded two customer receipts, one from the Sav–A–Lot and the other from an auto parts store located nearby. The auto parts purchase, totaling approxi-

mately $40.00, was paid in cash; there was no time indicated on that purchase.

As indicated, the jury considered other charges against the defendant in addition to the counts related to the Sav–A–Lot. In this appeal, we are able to isolate upon the evidence of the defendant's guilt of the particular crimes at issue. In that context, it becomes more apparent that the evidence was insufficient to support the convictions. While the cumulative evidence on all charges, including those which did not result in a conviction, might indicate the probable guilt of the defendant as to both the forgery and the theft, probable guilt is not enough.

In our view, a rational trier of fact could not have found the essential elements of either offense. The state was simply unable to establish that all other hypothesis other than the guilt of the defendant had been excluded. *State v. Tharpe,* 726 S.W.2d 896 (Tenn.1987).

Ms. Bennett confessed to the crimes. While it may be that she was attempting to protect the defendant from any criminal responsibility, the burden remains with the state to establish guilt beyond a reasonable doubt. Other than the defendant's personal relationship with Ms. Bennett and being in her company within an hour of the Sav–A–Lot incident, the state had little other evidence to connect the defendant with the specific crimes. There was no handwriting analysis linking the defendant to the crimes. None of the employees at any of the stores where the checks were passed could identify the defendant as being involved in passing the forged instruments. The cashier at Sav–A–Lot never saw the defendant or any other male with Ms. Bennett at the time the check was passed. We reach our conclusion that the evidence was insufficient even though we consider all of the evidence by the state to be fully accredited.

Had there been sufficient evidence to support the convictions, this court would not have found the sentences to be excessive. The defendant, approximately 28 years of age, had an extensive prior record. Many of those crimes were similar to the charges in this case. Moreover, the defendant was on parole for burglary at the time of these

charges. He qualified as a Range II, multiple offender. Maximum sentences would have been appropriate.

Accordingly, the convictions are reversed and dismissed.

WELLES and WITT, JJ., concur.