# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### July 2000 Session

## STATE OF TENNESSEE v. ALPHEIOUS NEELY

**Appeal from the Criminal Court for Shelby County**
**No. 98-05977     Joseph B. Dailey, Judge**

---

### No. W1999-01215-CCA-R3-CD - Decided October 2, 2000

---

Defendant appeals as of right his conviction of one count of burglary of a building, a Class D felony. On appeal he contends that the evidence was insufficient to support his conviction, and that the trial judge erred in ruling that his eleven (11) prior burglary and theft convictions were admissible for the purposes of impeachment. We affirm the judgment of the trial court.

### T.R.A.P. 3 Appeal; Judgment of the Criminal Court Affirmed.

CORNELIA A. CLARK, SP. J., delivered the opinion of the court, in which DAVID H. WELLES, J. and ALAN E. GLENN, J., joined.

A. C. Wharton, Jr., District Public Defender, Garland Erguden, Assistant Public Defender, and Leslie Mozingo, Assistant Public Defender, Memphis, Tennessee, for the appellant, Alpheious Neely.

Paul G. Summers, Attorney General & Reporter and Kim R. Helper, Assistant Attorney General, Nashville, Tennessee, and William L. Gibbons, District Attorney General and Daniel S. Byer, Assistant District Attorney General, Memphis, Tennessee, for the appellee, State of Tennessee.

### OPINION

On September 23, 1997, Memphis police officers Steven Friedlander and Jessie Meloms responded to a call at the Central Parking Services garage and office on North Second Street in Memphis. They looked through an outside window and observed defendant asleep in a chair inside the office. After about ten minutes the officers observed the defendant awake and eat some pizza sitting in a box on the desk. He then began wrapping cords around telephones and placing the phones in a briefcase. Subsequently Officer Friedlander saw defendant take two black objects out of the desk drawer and put them in his pocket. Defendant then left of the office through a boarded-up window. The officers were waiting for him outside and placed him under arrest. At that time they found a pocket organizer and pocket tape recorder on his person. Following a search of the area around the office, the officers later found a computer monitor and keyboard in a stairwell.

Barry Lohr, General Manager for the Memphis office of Central Parking Services, testified that he had not given defendant permission to enter the office or take anything from it. He arrived for work just as the officers were leaving. At that time he noticed that his pizza lunch from the previous day was no longer located in the refrigerator where he had left it, but was now on his desk. He also described a ceiling tile that he found broken over the top doorway. He identified the computer equipment in the stairwell and the pocket organizer and tape recorder as the property of Central Parking Services.

During a jury-out hearing at the close of the state=s proof, the trial judge determined that if defendant testified, the state would be permitted to impeach him with evidence about his eleven (11) prior convictions for auto burglary and theft. Defendant elected not to testify, but told the trial court out of the presence of the jury that his decision was based primarily on his desire to avoid impeachment with his prior record. He further testified during the jury-out hearing that he had lost his place to live because of his drug use, and that he entered the office through the boarded window trying to find a place to sleep on a rainy night. He admitted that he had eaten the pizza he found inside the office, but denied having moved the computer equipment into the garage area. He also denied that the pocket organizer and tape recorder were found in his possession.

Defendant was charged with the knowing entry into a building other than a habitation, not open to the public, without the effective consent of the owner, with the intent to commit theft. Tenn. Code Ann. ' 39-14-402. Defendant first contends that the evidence was insufficient to support his conviction for burglary. While he concedes the adequacy of proof of his unauthorized entry into the building, he contends that the proof is not adequate to find that he entered with the intent to commit theft.

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). Nor may this court reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in the testimony in favor of the state. *See State v. Cazes*, 875 S.W. 2d 253, 259 (Tenn. 1994).

This issue is without merit. Two police officers testified that they observed the defendant, while inside the building, eat pizza and take two black objects out of the desk and put them in his pocket. They arrested him as soon as he crawled out the window, and found a pocket organizer and pocket tape recorder in his possession. Those items were identified by the office manager as belonging to his employer. Without regard to the issue of the telephones or the computer equipment, this proof of actual theft is sufficient to support a conviction for burglary.

Defendant next contends that the trial court erred in ruling that appellant=s prior convictions for auto burglary and theft were admissible for impeachment purposes if he testified. These convictions included seven (7) convictions for burglary of a motor vehicle committed in 1993, 1994, and 1997; one (1) felony conviction for theft over $500.00 committed in 1990; and four (4) misdemeanor convictions for theft under $500.00 committed in 1991 and 1992. Following the court's ruling, the defendant did not take the stand.

Subject to certain conditions for admissibility, Tennessee Rule of Evidence 609 authorizes the use of proof of a witness's prior convictions in order to attack a witness's credibility. Tenn. R. Evid. 609(a). The prior convictions must be for a felony or a crime involving dishonesty or false statement. Tenn. R. Evid. 609(a)(2).

However, when the witness to be impeached is the criminal defendant, the state must also give notice prior to trial of its intent to utilize the conviction for impeachment purposes. Tenn. R. Evid. 609(a)(3). Upon request, the court must determine the admissibility of an eligible conviction by deciding whether "the conviction's probative value on credibility outweighs its unfair prejudicial effect on the substantive issues". *Id.* In making this determination, two criteria are especially relevant. *State v. Mixon*, 983 S.W.2d 661, 674 (Tenn. 1999). First, the court must "analyze the relevance the impeaching conviction has to the issue of credibility" and "explain [the relevance] on the record," *id.*, and second, it must, "assess a similarity between the crime on trial and the crime underlying the impeaching conviction". *Id.* (quoting Cohen, Sheppeard, Paine, **Tennessee Law of Evidence**, §609.9 at 376 (3rd ed. 1995)). Recognizing that the unfairly prejudicial effect of the impeaching conviction on the substantive issues greatly increases if the impeaching conviction is substantially similar to the underlying offense being tried, a trial court should carefully balance its probative value against its unfairly prejudicial effect. On appellate review, the trial court's rulings on the admissibility of prior convictions for impeachment purposes are subject to reversal only for abuse of discretion. *See*, *e.g., Mixon,* 983 S.W.2d at 674.

The offenses of burglary and theft are highly probative of credibility. *See State v. Crank*, 721 S.W.2d 264, 266-67 (Tenn. Crim. App. 1986). Courts may admit impeaching convictions when they are particularly probative of credibility, even if they are identical to the crime being tried. *See State v. Miller*, 737 S.W.2d 556, 559-60 (Tenn. Crim. App. 1987) (burglary conviction admissible in burglary prosecution); *Price v. State*, 589 S.W.2d 929, 931-32 (Tenn. Crim. App. 1979) (burglary and grand larceny convictions admissible in burglary prosecution).

Contrary to defendant's assertions, the trial court in this case did carefully balance the necessary criteria. The trial court correctly acknowledged that the similarity between the old offenses and the new charge had to be considered in the balancing process. The trial court found that the defendant=s lengthy and recent history of crimes involving dishonesty was particularly probative on the question of his credibility. The trial court found that the probative value of these convictions far outweighed the acknowledged prejudicial value of their introduction. We

review the court's decision on this issue for abuse of discretion. None having been shown, this issue is without merit.

The judgment of the trial court is affirmed in all respects.

_____
CORNELIA A. CLARK, SPECIAL JUDGE